AUSTIN NATIONAL BANK OF AUSTIN, TEXAS, v. GEORGE H. SHEPPARD, COMPTROLLER OF PUBLIC ACCOUNTS, AND CHARLEY LOCKHART, STATE TREASURER.

No. 6608.   Decided May 2, 1934.
(71 S. W., 2d Series, 246.)

*Black & Graves, White, Taylor & Gardner,* all of Austin, and *Thompson, Knight, Baker & Harris,* all of Dallas, for relator.

See brief under Austin National Bank v. Sheppard, Comptroller, *ante,* p. 272.

*James V. Allred,* Attorney General, and *Sidney Benbow,* Assistant Attorney General, for respondents.

See brief under Austin National Bank v. Sheppard, Comptroller, *ante,* p. 272.

*Andrews, Kelley, Kurth & Campbell,* all of Houston, and *R. J. Randolph,* of Austin, as amicus curiae.

The claim had its origin in the administration of the filing fee law which was the pre-existing law authorizing the refund of the taxes unlawfully paid, at the time the Legislature made the appropriation to pay the claim. Kilpatrick v. Compensation Claim Board, 259 S. W., 164, 168; Oliphant v. Markham, 79 Texas, 543, 15 S. W., 569; American Brewing Co. v. City of St. Louis, 187 Mo., 367, 86 S. W., 129; Laidlaw Bros. v. Marrs, 114 Texas, 561, 273 S. W., 789.

MR. JUDGE CRTIZ delivered the opinion of the Commission of Appeals, Section A.

This was a companion case to cause No. 6607, Austin National Bank v. George H. Sheppard, State Comptroller, and Charley Lockhart, State Treasurer, this day decided by this Commission (*ante,* p. 272). It appears from the records that on May 29, 1920, Waggoner Electric Manufacturing Company was and still is a foreign corporation, duly incorporated under the laws of Missouri. It has a permit to do business in this

State and has had since said above date. On the date just mentioned the company duly filed with the Secretary of State of this State its articles of incorporation, and applied for a permit to do business in this State. On said date the company's authorized capital stock was $5,000,000.00 of which $3,901,000.00 was subscribed. The company therefore paid the maximum filing fee or tax, $2,500.00. The Secretary of State thereupon issued to the company the permit applied for.

Later the company amended its charter increasing its capital stock to $7,500,000.00. Of this increase stock $969,640.00 was subscribed. After the above amendment had been duly filed in its home state the corporation in due time, and on June 15, 1922, tendered to the Secretary of State a certified copy thereof, with the request that same be filed in his office as required by our laws. The Secretary of State refused to file such amendment unless and until the company paid an additional filing fee or tax of $1,010.00. The company disputed the right to collect the additional fee or tax but finally paid the same, only because the Secretary of State refused to receive or file the charter amendment until such was done.

After the above events the company presented its claim for the $1,010.00 to the Claims Committee of the 43rd Legislature of this State. The claim was approved by said committee, and included in the claims bill known as H. B. 919. This bill was passed by both houses of the Legislature and approved by the Governor.

After the effectiveness of the above Act the Comptroller issued to the company a warrant for the amount of its claim. The warrant was duly transferred to relator. Relator presented same to the Treasurer for payment. The Treasurer refused payment on the ground that the Comptroller and the Attorney General had advised against it. The proceeding followed.

The facts of this case present exactly the same law questions as have been discussed and decided by us in Cause No. 6607 above mentioned. Relator is entitled to the mandamus here prayed for under the law as announced in that decision.

The mandamus is granted as prayed for.

Adopted by the Supreme Court, May 2, 1934.