ton v. State, 107 Tex. Cr. R. 596, 298 S. W. 578; Bergdorf v. State (Tex. Cr. App.) 20 S. W.(2d) 778, and authorities there cited; Sarli v. State, 80 Tex. Cr. R. 161, 189 S. W. 149.

Having reached the conclusion that under the circumstances disclosed by this record the argument of the district attorney was of such prejudicial nature as requires a reversal of this case, the judgment of the trial court is reversed, and the cause is remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## STEIN v. STATE.
No. 17505.

Court of Criminal Appeals of Texas.
April 10, 1935.

Heidingsfelder, Wander & Hawkins and Horace Soule, all of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

The count of the indictment upon which the conviction is founded is that charging that appellant "did then and there possess intoxicating liquor for the purpose of sale."

The indictment is insufficient to charge an offense.

The subject is discussed in the case of Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882.

The judgment is reversed, and the prosecution ordered dismissed.

## PRODUCERS' & REFINERS' CORPORATION OF TEXAS v. HEATH, Secretary of State, et al.
No. 8085.

Court of Civil Appeals of Texas. Austin.
March 13, 1935.

Rehearing Denied April 3, 1935.

John W. Martin, of Houston, for appellant.

James V. Allred, Atty. Gen., and Sidney Benbow, Asst. Atty. Gen., for appellees.

BLAIR, Justice.

Appellant, Producers' & Refiners' Corporation, a Kansas corporation formerly doing business in Texas under a ten-year permit which expired March 14, 1932, sued appellees, the Secretary of State, the State Treasurer, and the Attorney General of Texas, to recover $744.60, paid the Secretary of State as its franchise tax for the year beginning May 1, 1932, and ending April 30, 1933. Appellant alleged that the suit was instituted under the Suspense Account Statutes; that the tax was paid under written protest as follows: "For the reason, among others, the franchise tax is unjust, discriminatory and unconstitutional"; and that the tax was also paid under the mistaken belief of both the Secretary of State and appellant that the permit expired June 19, 1935, instead of March 14, 1932. Appellant further alleged that the Secretary of State had by mistake paid the tax out of the Suspense Account Fund into the general fund of the State Treasury. The judgment was adverse to appellant, and it brings this appeal upon agreed facts, in substance, as follows:

The mistake as to the expiration date of the permit arose from the fact that the Secretary of State, some eight years prior to the payment of the tax in suit, in making a new ledger for appellant corporation, erroneously stated the date as June 19, 1935, and mailed appellant an official certificate showing such erroneous expiration date; which mistake of fact could have been easily discovered by either party from the records involved if they had examined them at the time the tax was paid.

In January, 1932, the Secretary of State mailed appellant a form for use in the payment of the tax in the event it desired to continue doing business in Texas for the next fiscal year, beginning May 1, 1932. Prior to the date the permit would have expired on March 14, 1932, and while appellant was still doing business in Texas, it filled out the form and returned same with the amount of the franchise tax, together with the written protest that the tax was unjust, discriminatory, and unconstitutional, to the Secretary of State. After such payment of the tax, but prior to May 1, 1932, the date the tax was due, appellant was placed in an involuntary receivership in its home state of Kansas, and it ceased thereafter to do business in Texas, and has not and will not renew its permit.

At the time the franchise tax was paid and the protest filed, there was pending in the Circuit Court of Appeals of the United States, at New Orleans (Southern Realty Corp. v. McCallum, 65 F.(2d) 934), a class suit involving all the issues raised by appellant in its written protest; and appellant would have received the benefits of a judgment in favor of such class. However, the judgment was in favor of the Secretary of State upon the issues raised in the written protest, and appellant was bound thereby.

Appellant concedes that the federal court decision is res adjudicata of all issues raised in its written protest, but contends that this suit is based upon the alleged new ground of mistake as to the expiration date of its permit to do business in Texas, alleging that such new ground was not discovered until after the federal court decision; and further contends that this suit is authorized by the Suspense Account Statutes, that is, of the Acts of 1930, 41st Leg., 5th Called Sess., p. 230, c. 73, and the Acts of 1933, 43d Leg., p. 637, c. 214 (Vernon's Ann. Civ. St. art. 7057b), which was made cumulative of the first act. We do not sustain these contentions.

The original act merely provided that the State Treasury Department keep a "Suspense Cash Book" and a "Suspense Account Fund," in which all money received by the head of each department of the government, the legal status of which was undetermined, be recorded and held until its legal status be determined; and when so determined, the Treasurer was required to pay out said fund as directed by the act. Appellant's tax was paid while this act was in force. It provided for no method of compelling the officers named therein to execute its provisions, and no statutes authorized a suit of this character to recover such fund, until the act of 1933.

Section 1 of the act of 1933 (Vernon's Ann. Civ. St. art. 7057b, § 1) provided for the payment of a franchise tax under protest, "setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized."

Other material portions of the act read as follows:

Section 2 (Vernon's Ann. Civ. St. art. 7057b, § 2): "Upon the payment of such taxes or fees, accompanied by such written protest, the taxpayer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other. Such suit shall be brought against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General. The issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as originally filed."

Section 5 (Vernon's Ann. Civ. St. art. 7057b, § 5): "Any taxpayer who has heretofore paid any taxes or fees of the character embraced herein to such public official, accompanied by some form of protest, and which moneys are now being held in the suspense account, and who has not brought suit under the suspense account law for the recovery of same, and who is not embraced within or protected by any action which may now be pending for the recovery of same, shall have ninety (90) days from the effective date of this Act within which to bring suit in the manner hereinabove provided. * * *"

Section 6a (Acts 1933, c. 214, § 6a): "Where it shall appear that any taxpayer to whom the provisions of this Act shall apply has erroneously paid more taxes than were due during any previous taxpaying period for the payment of such taxes, either on account of an invalid statute or by reason of mistake of fact or law, such tax collecting officer shall have the authority, and it is hereby made his duty, to credit the total amount of taxes due by such taxpayer for the current period with the total amount of taxes so erroneously paid."

■ It may be here noted that section 6a was repealed by the Acts of the 43d Legislature (1934), 2d Called Sess. p. 163, c. 68, § 1, and this appeal must be denied in so far as it may be predicated upon said repealed section, under the rule that "a state's consent to be sued is not a contract, and it can be repealed or modified at any time at the discretion of the state, even though pending suits are thereby defeated; and, when the consent is withdrawn, the jurisdiction of the court in which the case is pending is at an end and the suit falls to the ground." 59 C. J. 306, 307; and cases cited in footnotes 68, 69, and 70.

■ It is manifest that the suit of appellant on the ground of mistake as to expiration date of its permit is not one under or authorized by the remaining provisions of the Suspense Statutes, because appellant alleged and the agreed facts showed that the franchise tax in suit had been paid out of the Suspense Account Fund into the general fund of the State Treasury prior to the filing of this suit. By express language, the Suspense Statutes extend the right of suit only to moneys or taxes paid under protest, "and which moneys are now being held in the suspense account." These statutes make no provision for and do not extend to an adjudication of claims for moneys or taxes paid into the general fund of the State Treasury. Moneys or taxes so paid can only be reached through an appropriation by the Legislature in satisfaction of a court's award, predicated upon the consent of the state to be sued for claims having authority or existence in pre-existing law. Austin Natl. Bank v. Sheppard (Tex. Com. App.) 71 S.W.(2d) 242.

■ But whether the suit of appellant is one under or authorized by the Suspense Statutes, or a suit against the state as such, there is no basis in law for it. The tax in suit was not paid under protest that appellant's permit expired in March, 1932, and that it did not intend to renew it. The Suspense Statutes expressly provide that "the issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as originally filed." On the other hand, and since the suit is one against the state, the franchise tax must be held to have been voluntarily paid. The tax was legal when paid, and although paid before due, it was in contemplation of doing business in Texas for the tax period. The Secretary of State could not and did not know that appellant had become insolvent and had been placed in the hands of a receiver when the tax was due. Appellant did not furnish this information or demand a return of the tax, although it became insolvent before the beginning of the tax period; and did not inform the Secretary of State that it would not and could not do business in Texas during the period for which the tax was paid.

Under such agreed facts the franchise tax was voluntarily paid, and, as a matter of law, it cannot be recovered from the state. City of Houston v. Feeser, 76 Tex. 365, 13 S. W. 266; Galveston City Co. v. Galveston, 56 Tex. 486; Gaar, Scott & Co. v. Shannon, 223 U. S.

468, 32 S. Ct. 236, 56 L. Ed. 510; Austin Nat. Bank v. Sheppard (Tex. Com. App.) 71 S.W. (2d) 246, 247.

The judgment of the trial court will be affirmed.

Affirmed.