**LAWSON, Secretary of State, et al. v. PETROLEUM NAV. CO. et al.**

No. 9335.

Court of Civil Appeals of Texas. Austin.

March 31, 1943.

Gerald C. Mann, Atty. Gen., and Cecil C. Rotsch, Harold McCracken, Fowler Roberts, and Cecil C. Cammack, Asst. Attys. Gen., for appellants.

J. Y. Powell, T. J. Arnold, M. C. Adams, and O. A. McCracken, Jr., all of Houston, and Solon Walker, of Austin, for appellees.

BLAIR, Justice.

Appellees, Petroleum Navigation Company and American Petroleum Company, sued appellants, the Secretary of State, the State Treasurer, and the Attorney General, to recover certain franchise taxes, alleged to have been paid under protest as required by Art. 7057b, Vernon's Tex.Civ.St.; and recovered judgment as prayed; which judgment we affirm.

The taxes demanded of appellees were computed in part upon certain interstate transactions, which, as regards the Petroleum Navigation Company, were held to be unlawful or unauthorized in the case of Clark v. Atlantic Pipe Line Company, Tex. Civ.App., 134 S.W.2d 322, writ refused; and which, as regards American Petroleum Company, were held to be unlawful or unauthorized in the case of Flowers v. Pan American Refining Corp., Tex.Civ.App., 154 S.W.2d 982, writ refused. Appellants admit this to be true, but make the sole contention that the letters of protest do not comply with the provisions of Sec. 1, Art. 7057b, requiring that such a protest shall set out "fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized"; and of Sec. 2, requiring that in any suit for recovery of the tax paid under protest, "the issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as originally filed."

The letters of protest were filed with the Secretary of State, were substantially the same, and the material portions of one of these will suffice. It reads:

"On behalf of American Petroleum Company, a Texas corporation of Houston,

Texas, we enclose herewith our check drawn on the Second National Bank of Houston, Texas, and payable to your order in the amount of $645.00, in payment of Texas Franchise Tax for the year beginning May 1st, 1940.

"In view of the fact certain interstate business has been included in the basis for computing this tax, it is being paid under protest as indicated on the face of the check.

Appellee corporations were required to file tax reports before March 15th of each year on forms prepared and furnished by the Secretary of State, and failing to do so and to pay the tax demanded will subject them to penalties and forfeiture of their right to do business in Texas. Each of them filed such report upon which the taxes involved were computed, and demand therefor was made by the Secretary of State. In such reports the corporations were required to show, separately, receipts from transactions originating and consummated in Texas as intrastate business, and receipts from transactions either originating or consummated in Texas, which were held in the two cases cited to be interstate business. These reports were attached to the pleadings and introduced in evidence.

After the letters of protest were filed with the Secretary of State, the State Treasurer deposited the taxes demanded of appellees in the "Suspense Account." This suit is for the recovery of the portion of the taxes based upon interstate transactions so demanded, paid under protest, and deposited in the "Suspense Account."

Appellants contend that when viewed in the light of the quoted language of the statute the letters of protest were deficient in three particulars: (1) Because the Secretary of State could not determine therefrom "how much of the tax the taxpayer contended is not due and how much it agrees is due and payable"; (2) because the Secretary of State could not "tell from looking at the protest that (one protestant) was transporting by ships in interstate commerce, and how much of its receipts came from that business"; and (3) that the Secretary of State could not tell from the letters of protest how much of appellees' business was like that which was held in Clark v. Atlantic Pipe Line Company, Tex. Civ.App., 134 S.W.2d 322, to be interstate commerce.

The letters of protest specifically stated the total amount of the taxes demanded of appellees; and that "certain interstate business has been included in the basis for computing this tax, it is being paid under protest as indicated on the face of the check," which accompanied each letter of protest. The protest statute only requires that the protest shall set "out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized." The report required to be filed with the Secretary of State by each of the appellee corporations on forms furnished by him shows all of the interstate transactions upon which the tax was computed in each instance. A mere mathematical calculation would have determined the amount of this tax, which under the decisions of the two cases above cited was not collectible, because based upon interstate transactions. Thus the taxing officials were informed "fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized;" and the letters of protest met every requirement of the statute, strictly construed. Producers' & Refiners' Corp. v. Heath, Tex.Civ.App., 81 S.W.2d 533.

Having so construed our protest statute and the particular letters of protest involved, no useful purpose can be served by an analysis of the facts of the several cases cited from other jurisdictions, purportedly construing statutes similar to our statute. Clearly, the letters of protest in the instant case, together with the reports required of appellees showing the interstate transactions upon which the tax demanded was computed, were sufficient to show "fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized."

The judgment of the trial court is affirmed.

Affirmed.