## JOHN H. KIRBY ET AL. v. R. C. CONN.

### No. 2574. Decided May 28, 1919.

**1.—Public Lands—Sale of Timber—Right to Purchase—Patent—Error in Boundaries.**

A patent issued to an applicant to purchase three-quarters of a section of public land included in its field notes part of the fourth quarter, for which he. had not applied, and which another had, in the meantime acquired, under the law, a preference right to purchase. Held that the Land Commissioner had no authority to include this in his patent, and the patentee acquired no right to it by the grant which would prevent the legislature from changing the conditions under which the other's preference right to purchase could be exercised. (Pp. 541, 542.)

**2.—Same—Case Stated.**

W. applied in 1889, to purchase three-quarters of a section of land, under the Act of April 19, 1901 (Laws, 27th Leg., p. 292, ch. 125, sec. 8), acquiring thereby a preference right to buy the land itself as an actual settler. Patent, issued to W., in 1906, by error in its field notes, included part of this fourth quarter on which C. had purchased the timber. By Act of May 16, 1907, C. was given right to purchase without actual settlement (Laws, 30th Leg., 1st Called Session, ch. 20, p. 490). Held that his right as a purchaser under this Act was superior to that of W. under the patent. (Pp. 541, 542.)

Error to the Court of Civil Appeals from the Seventh District, in an appeal from Jasper County.

Conn sued Kirby and others for recovery of land and obtained judgment. Defendant appealed, and an affirmance (156 S. W., 232) obtained writ of error.

*H. C. Howell, Terry, Cavin & Mills,* and *Andrews, Ball & Streetman,* for plaintiffs in error.

That a title by patent to school land must prevail over a claim of one applying, after its issuance, to purchase and receiving an award from the Land Commissioner to a portion of the land granted by the patent, has been ruled in many cases. Frontroy v. Atkinson, 45 Texas Civ. App., 324, 100 S. W., 1023; Decourt v. Sproul, 66 Texas, 370; Bryan v. Shirley, 53 Texas, 459; Gullett v. O'Connor, 54 Texas, 416; Carter v. Clifftion, 17 Texas Ct. Rep., 177; McLeary v. Dawson, 87 Texas, 535, 29 S. W., 444; Culbertson v. Blanchard, 79 Texas, 491; Roach v. Fletcher, 11 Texas Civ. App., 227; Todd v. Fisher, 26 Texas, 241; Matador Land & Cattle Co. v. State, 54 S. W., 258; Yarbrough v. De Martin, 67 S. W., 179; Bowmer v. Hicks, 22 Texas, 162; Wing v. Dunn, 127 S. W., 1108; Logan v. Curry, 95 Texas, 670, 69 S. W., 19; Thompson v. Hubbard, 69 S. W., 649; Russell v. Railway, 68 Texas, 652, 5 S. W., 686.

If the plaintiff had purchased the land as an actual settler and had thus complied with the essential condition precedent to the right which attached to his timber purchase, the case might present an entirely different question. It is unnecessary, however, to consider the effect of a purchase by plaintiff of the land in compliance with the right which attached to his timber purchase for the reason that he did not avail himself of such right. Acts of 1901, p. 292, sec. 8; Lufkin Ld. & Lumb. Co. v. Terrell, 100 Texas, 406; Wing v. Dunn, 127 S. W., 1107.

The patent having issued to Wright on May 17, 1906, and no attack having been made thereon until the institution of this suit on May 23, 1910, more than four years after the issuance of the patent, the sale and patent to Wright are, under the Act of 1905, page 35, valid against the plaintiff and his subsequent application of December, 1908, to purchase a portion of the land thus sold and patented. Acts 29th Legislature, March 16, 1905, p. 35; Murphy v. Terrell, 100 Texas, 399, 100 S. W., 130; Wyerts v. Terrell, 100 Texas, 410, 100 S. W., 133; Erp v. Tillman, 131 S. W., 1057; Barnes v. Williams, Admr., 143 S. W., 978.

*Smith & Blackshear,* and *John B. Warren,* for defendant in error.

The Land Commissioner had no power to issue a patent to A. V. Wright embracing any portion of said north one-fourth of said section. Wing v. Dunn, 127 S. W., 1102; Erp v. Tillman, 103 Texas, 575; Murphy v. Terrell, 100 Texas, 397; Myerts v. Terrell, 100 Texas, 409; Revised Statutes, 1895, art. 4218q; Act of 1901, sec. 8; Sayles' Sup. to R. S., 1897-1906, p. 446; Act of 1907, sec. 6c; Sayles' Sup. to R. S., 1908-10, p. 291; Hooks v. Kirby, 124 S. W., 156; Jumbo Cattle Co. v. Bacon, 17 S. W., 137.

The law wrote into the contract for the purchase of the timber, that appellee was also granted the right to buy the land within a certain time for a certain further consideration, and this right was a vested right that could not be impaired by subsequent legislation, or the act of the Land Commissioner. Act of April 19, 1901, p. 292; Acts of 1907, sec. 6c, p. 290; Hooks v. Kirby, 124 S. W., 158; Jumbo Cattle Co. v. Bacon, 17 S. W., 138.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

In 1904, under the Act of 1901, R. C. Conn was by the Commissioner of the General Land Office awarded the timber upon the north quarter of a section of public land. A timber deed in his favor was duly executed and delivered.

In 1889, A. V. Wright applied to the Commissioner to purchase the south three-quarters of the same section. His application was accepted, and upon his complying with the law, in 1906 a patent was issued him. The patent, while describing the land in accordance with Wright's application and award, embraced within its field notes 98.97 acres of the land described in Conn's timber award and deed.

The controversy here concerns this 98.97 acres, the plaintiffs in error claiming under the patent to Wright.

Under the Act of 1901, the award of the timber to Conn in 1904 entitled him to become the purchaser of the land embraced in the award within five years thereafter, if the timber was not sooner removed, on condition of actual settlement. In 1907, the requirement as to actual settlement under the purchase of such lands by those who had previously been awarded the timber rights therein, was abrogated by the Legislature. In 1908, as the purchaser of the timber and while it was still uncut, Conn duly made application to purchase the quarter section described in his timber award and deed. The Commissioner thereupon awarded him the land without the condition of actual settlement.

The plaintiffs in error admit that had Conn, by due award, become the purchaser of the quarter section, on condition of actual settlement, as was his right under the Act of 1901, his title to the 98.97 acres in controversy,—a part of the quarter section,—would be superior. But they say that with the patent, embracing the land, issued to Wright, under whom they claim, in 1906, when the law required actual settlement in the sale of land purchased in virtue of a previous timber award, Conn could not defeat the right conferred by the patent by a purchase of the land thereafter without complying with that requirement; and, since he did not comply with it, their title under the patent should prevail.

If the patent had conferred any right, the question thus presented might have a different phase. But it in fact conferred no intervening right, and for that reason those holding under it are in no position to complain of a failure by Conn to comply with the Act of 1901, even if it were true that that act and not the Act of 1907 governed his purchase of the land. The award of the timber in 1904 invested Conn with the right to purchase the land. This necessarily withdrew the land from the market for sale to others during the period that this right existed. Any attempt by the Commissioner to sell it to others while the right was in force was without lawful authority. Wing v. Dunn, 127 S. W., 1101. At the time, therefore, that the patent was issued to Wright—in 1906—the land was not subject to sale except to Conn or his assigns. If it could not be lawfully patented to Wright because of the want of any authority for the Commissioner's act, the patent could not be made the basis of any claim of right. In fact, the inclusion of the land within the description of the patent was clearly erroneous. Wright made no application to purchase any part of the quarter section, and no part of it was awarded to him. The case was correctly determined by the Court of Civil Appeals. We agree with the recommendation of the Commission of Appeals that the judgment of the Court of Civil Appeals should be affirmed, and it is so ordered.

*Affirmed.*