## Commonwealth Life Ins. Co. v. Stephenson.

(Decided April 28, 1936.)

J. D. MOCQUOT for appellant.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On April 25, 1926, the Commonwealth Life Insurance Company issued to Thomas G. Stephenson a life policy in the sum of $300 for a weekly premium of 25 cents. His wife, Nona C. Stephenson, was named beneficiary. On April 27, 1931, when he had become in arrears in the sum of $5.50, an agreement for the revival and continuation of the policy was entered into as evidenced by a rider attached thereto which reads:

"This policy having lapsed is hereby revived on condition that the insured is in sound health. The

revival is based upon the warranties in the revival application. In consideration of the waiver of the present collection of the premium in arrears, the holder agrees that said arrears amounting to $5.50 shall be a lien against this policy, the amount with interest to be deducted from the cash value if applied for and the paid up or extended values shall be reduced in the proportion that the lien bears to the cash surrender value. If the policy becomes a claim by death, then this lien with interest shall be deducted from amount due. The lien may be cancelled at any time by payment of amount and interest at the rate of 4% per annum.''

Thereafter, in April, May, June, July, and August, 1931, insured made payments of 75 cents at a time, this being three weekly payments, but after August no further premiums were paid.

On July 12, 1934, insured died, and, the company having refused to pay the policy after due proof had been made, the beneficiary instituted this action, seeking to recover the sum of $300 with interest from August 1, 1934, subject to credit of $5.50 with interest from April 27, 1931. The petition, after setting out the foregoing facts, alleged that, by reason of the revivor and payments made subsequent thereto, the policy automatically extended the insurance upon the life of insured 3 years and 37 weeks or 26 weeks beyond the death of insured. She further alleged that the rider agreement constituted a lien of $5.50 against the cash value and was only a lien and not a payment; that under its terms the company had no right or authority to apply the sum of $5.50 against the cash value of the policy or to apply such sum aganst the paid-up or extended value of the policy or to reduce same in anywise.

By answer, the company admitted the issuance of the policy, the rider agreement, and the subsequent payments as above set out, but denied the other allegations of the petition, and alleged that on November 17, 1930, when the policy lapsed for nonpayment of the premium, the cash surrender value thereof was $12.12; that by the terms of the revivor agreement, and subject to the lien for the amount therein set out, the policy was extended automatically for such period of time

as the cash surrender value of the policy, less $5.50, would carry it. This left $6.62 available for that purpose, which sum extended the policy for a period of 102 weeks, or to May 10, 1933, at which date the policy automatically expired and was without further value to insured.

By reply, Mrs. Stephenson alleged that by the revivor agreement, as it was written and understood by the parties, $5.50 would continue as a lien against the policy, and the paid-up or extended value would not be reduced as therein indicated, unless insured should apply for paid-up or extended value; and, since he did neither, it was understood that the policy under the agreement be automatically extended together with payments made after the revivor from April 27, 1931, for a period of 3 years and 37 weeks; that, because of the terms of the rider agreement, the company is estopped to claim the right to deduct $5.50, which was only a lien against the policy from the cash surrender value, and is estopped to reduce the extended value of the policy.

The issues were completed by stipulation that all affirmative allegations of the pleading be controverted of record. It was further stipulated that jury be waived and the cause submitted to the court upon the pleading, the policy, and premium receipt book filed with the record.

The court made findings of fact and of law, and adjudged that the beneficiary recover the sum of $300, with interest from August 1, 1934, subject to credit of $5.50, with interest from April 27, 1931, and the company is here on motion for appeal.

The finding of fact by the court and the pleadings are in harmony except as to the effect of the rider agreement attached to the policy which the court found to be ambiguous in its terms. The court found as a matter of law that the terms of the rider agreement should be construed most strongly against the company. It is therefore apparent, as is in fact conceded by counsel for respective parties, that only a construction of the revivor agreement is involved.

The lower court treated the $5.50 mentioned in the revivor agreement as merely a loan on the policy, and,

while we have great deference for the chancellor's opinion, we cannot concur in such a conclusion. Insured was in arrears to the amount of $5.50, and apparently, as evidenced by the agreement and subsequent payments, desired to continue the policy. The purpose and effect of the revivor agreement as clearly manifested by its terms was to apply $5.50 of the cash surrender value to payment of arrears, and thus reduce such value to $6.62, leaving only this sum available to purchase extended insurance; and, as agreed, the extended insurance was reduced in the proportion as the sum of $5.50 bore to the entire cash value. If claim was made for the cash surrender value during the life of the policy, the sum of $5.50 was to be deducted, or, if the policy became a claim by reason of death during its life, this sum was to be deducted. This was manifestly just and proper, since appellant had applied $5.50 of the cash surrender value to cover payments in default.

This court has often held that parties have a right to contract with respect to insurance the same as to any other subject-matter, and will be bound by the terms of the contract, so long as they are not unreasonable or contrary to law or public policy.

Our conclusion is that the agreement had the effect of reducing the cash surrender value to $6.62 and the extended insurance benefits in the same proportion. It therefore follows that the policy lapsed before the death of the insured.

Wherefore the appeal is granted and judgment reversed for proceedings in conformity with this opinion.