## CAPLES v. COLE.

### No. 7198; Motion No. 12826.

Supreme Court of Texas.

April 15, 1937.

For former opinion, see 102 S.W.(2d) 173.

John T. Gano, of Fort Worth, for plaintiff in error.

Bramlette & Levy and Richard B. Levy, all of Longview, for defendant in error.

William McGraw, Atty. Gen., and H. Grady Chandler and Russell Rentfro, Asst. Attys. Gen., amici curiæ.

SHARP, Justice.

■ In our original opinion we held that that part of subdivision 4 of article 5329, Vernon's Annotated Texas Civil Statutes, which reads, "no sale made without condition of settlement shall be questioned by the State or any person after one year from the date of such sale," controls this case.

Cole acquired this land from the State at a price of $12.50 per acre, and it was treated for the purposes of the sale as surveyed school land. The sale was made without condition of settlement. Section 2 of H.B. No. 358, Acts 1931, c. 271 (Vernon's Ann. Civ.St. art. 5421c, § 2), provides how all surveyed school land may be sold under said act, but also provides "that all such land within five miles of a well producing oil or gas in commercial quantities shall be subject to lease only, and the surface rights shall not be sold." The agreed statement "that said land was within five miles of a producing oil well" is all the testimony upon this question contained in the record. Therefore, it is not shown indisputably that the land commissioner was not called upon to determine an issue of fact and to exercise his judgment and discretion in making the sale. Under such state of facts that provision of subdivision 4, supra, would apply.

■ We do hold, however, that all sales of public school land must be authorized by law. As to any sale of public school land neither authorized by law nor made under color of law, the one-year statute of limitation above cited would not apply. Kirby v. Conn, 109 Tex. 540, 212 S.W. 469; Id. (Tex.Civ.App.) 156 S.W. 232; Rainer v. Durrill (Tex.Civ.App.) 156 S.W. 589 (writ refused).

Part of section 5 of H.B. No. 358 (Vernon's Ann.Civ.St. art. 5421c, § 5) reads as follows: "Any headright survey, homestead donation, pre-emption survey, scrip survey or other survey heretofore awarded or sold, which survey has been held and claimed in good faith by any party for a period of ten years prior to the date of application for patent and which surveys cannot be patented under existing laws, may be patented on payment of One Dollar ($1.00) an acre to the Land Commissioner."

The facts of this case do not bring before us for construction the foregoing provisions of section 5, and therefore we are not called

upon to hold that land described therein cannot be acquired by purchase if it is situated within five miles of a producing oil or gas well. Upon that question we express no opinion herein.

With the foregoing statements, plaintiff in error's motion for rehearing is overruled.