**WALKER v. KENEDY et al.**

No. 10319.

Court of Civil Appeals of Texas. San
Antonio.

Sept. 28, 1938.

Rehearing Denied Oct. 26, 1938.

Joe Burkett, of San Antonio, and Golden
& Croley and J. R. Howell, Jr., all of Dallas, for appellant.

Boone, Henderson, Boone & Davis, of
Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by R. Y. Walker
against John G. Kenedy, Jr., Arthur East
and wife, Mrs. Sarita Kenedy East, Mrs.
John G. Kenedy, Sr., a widow, also known
as Mrs. M. S. T. Kenedy, Robert J. Kleberg, Jr., R. M. Kleberg, Caesar Kleberg,
and John D. Finnegan, individually and
as administrator of the estate of Mrs. H.
M. King, deceased. The suit was dismissed as to the last four named defendants and they will not be referred to hereafter.

R. Y. Walker sought an injunction restraining the defendants, their agents,
servants and employees, from interfering
with or preventing him or his surveyor,
one O'Dell Douglass, from making a survey of certain land located in Kenedy

County and alleged to be unsurveyed school land belonging to the State of Texas.

The defendants answered denying that the land was school land and by cross-action sought an injunction against R. Y. Walker enjoining him, his agents, servants and employees from filing applications or attempting to survey lands owned, held and possessed by the defendants.

A temporary injunction was denied and no appeal prosecuted. Later a hearing was had on the permanent injunction. Walker was denied the injunction prayed for by him but the defendants' prayer for a permanent injunction was granted. From this decree Walker has prosecuted this appeal.

Originally there were several alleged vacancies involved in this suit, but here the controversy is narrowed to what is referred to as tract number eight (8). This alleged vacancy is supposed to lie between a survey known as "Little Barreta" and another survey known as "Big Barreta."

Appellant's contention that there is a vacancy between the two Barreta Surveys is based upon the following facts, to-wit:

The La Parra Survey was the first survey made in this section of the county. It was surveyed from a base line and began at a point known as "Paso Ancho," extended south 18,750 varas, thence east 20,000 varas, and the other two boundary lines to be so extended as to create a parallelogram.

The San Pedro de las Motas Survey, commonly called the "Las Motas," the El Palmito Survey, and the La Barreta, commonly called the Little Barreta, are each in the form of a parallelogram, lie to the south of the "La Parra" and each calls for and ties to the survey to its north.

All of the above surveys are Mexican grants and were in existence at the time of Texas independence in 1836. Each of these surveys were re-surveyed and the field notes thus made filed with the Commissioner of the General Land Office.

Cocke, who made the re-survey of the La Parra, gave it a south call of 21,313 varas, which was 2,563 varas more than the original survey called for. Thus it is argued that there is a strip of land 2,563 varas by 20,000 varas included in the re-surveys of these four Mexican Grants which was not included in the original surveys. As there is no other call in the La Parra Survey other than

for course and distance, it is appellant's contention that each of these surveys to the south of the "La Parra" must be pulled up a distance of 2,563 varas, which would create a vacancy between Little Barreta and Big Barreta, as Little Barreta does not call for or tie to Big Barreta.

The following diagram illustrates in a rough manner the above alleged facts:

However, the Big Barreta Survey was involved in a lawsuit between the State of Texas and the appellees here, or their predecessors in title, in a cause styled The State of Texas vs. Sarah Spahn, et al., in which it was decreed that a patent should issue to the defendants to the Big Barreta. The judgment described the Big Barreta as extending to and being joined on the north by La Barreta (Little Barreta). One Maddox was named by the court to make the survey and in the field

notes prepared by Maddox the Big Barreta was tied to the Little Barreta. A patent was issued by the State which used the field notes furnished by Maddox. As a result of the suit the State of Texas is not now in a position to contend that the two Barreta surveys are not adjoining surveys. If the State is not in a position to make such a contention appellant cannot. He certainly is in no better position than the State itself. The trial court properly held there was no vacancy and denied appellant an injunction.

Appellant's contention that the call in the field notes of the Big Barreta for the Little Barreta is a supposititious call, but this contention is not supported by the facts called to our attention by appellant in his brief. The surveyor Maddox surveyed the Big Barreta as the decree of the court instructed him to do, and we would not be justified in holding that the call for the joinder of the Big and Little Barretas was a supposititious call.

Appellant further contends that even though there be no vacancy shown by the evidence that, nevertheless, he has such a justiciable interest in the land as to entitle him to have the survey made without being interfered with by appellees. It is true that so long as Art. 5323, R.C.S.1925, remained in effect in this State an applicant to purchase unsurveyed school land had a statutory procedure whereby he might secure the survey of alleged vacant land, Caples v. Cole, 129 Tex. 370, 102 S. W.2d 173, rehearing denied 129 Tex. 370, 104 S.W.2d 3; Camp v. Gulf Production Co., 122 Tex. 383, 61 S.W.2d 773; Cockrell v. Work, 122 Tex. 406, 61 S.W.2d 787; Barrow v. Boyles, 122 Tex. 416, 61 S.W.2d 783; by the Acts of the 42d Legislature, Regular Session, 1931, Chapter 271, p. 452, now shown as Art. 5421c, Cumulative Annual Pocket Part to Vol. 15, Vernon's Annotated Revised Civil Statutes of Texas, and this statutory procedure no longer exists.

Unquestionably, at the present time an action such as we have here is simply an equitable proceeding in which appellant must show himself entitled to the relief sought under the general rules of equity. Here we have surveys called for each other and all of the land in the possession of the appellees and their predecessors in title for many, many years. The evidence does not show any vacancy to

exist and surely under all of these circumstances the trial court properly denied appellant the injunction which he sought by this suit.

We are of the opinion, however, that the evidence was not sufficient to support the injunction granted appellees against appellant. It is not shown that appellees do not have an adequate remedy at law. There is no showing that they will suffer irreparable injury. It is shown that the surveyor, O'Dell Douglass, will not attempt to survey any land in the Kenedy pasture unless he is given permission to do so by appellees, or a court order is issued authorizing him to do so.

Accordingly, that part of the judgment which grants appellees a permanent injunction will be reversed, set aside, and stricken from the judgment, and the judgment as thus reformed will be affirmed.