STATE et al. v. GULF OIL CORPORA-
TION et al.
No. 4238.

Court of Civil Appeals of Texas. El Paso.
April 9, 1942.

Supplemental Opinion Sept. 10, 1942.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis, Fagan Dickson, and James Noel, Asst. Attys. Gen., for appellants.

H. L. Stone and Robert T. Neill, both of San Angelo, John E. Green, Jr., of Houston, William L. Wise, Allen & Gambill, Peveril O. Settle, and Phillips, Trammell, Estes, Edwards & Orn, all of Fort Worth, and Burges, Burges, Scott, Rasberry & Hulse, of El Paso, for appellees.

PRICE, Chief Justice.

This is an appeal by the State of Texas from the judgment of the District Court of Upton County in a case tried before the court without a jury. Suit was instituted by J. N. Gregory, as plaintiff, against the Gulf Oil Corporation and others, as defendants. The action was in trespass to try title, but the pleadings show it was a vacancy suit as to seventeen tracts of land in Upton County.

Gregory claimed right to purchase an oil and gas lease thereon, alleging that said tracts were, on January 7, 1937, unsurveyed areas of school land belonging to the State, and that on said date he duly filed application to purchase a lease thereon. In respect to this application there was alleged a full compliance with Art. 5421c, Vernon's Ann.Civ.St., and that the lands were subject to sale thereunder. A refusal to grant said application by the Commissioner was averred.

The right to maintain the action was asserted under the General Laws, 1939, p. 465. In compliance with the provisions of

paragraph j of Section 1 of that Act, Vernon's Ann.Civ.St. art. 5421c, § 6(j), plaintiff had caused a certified copy of his petition to be served upon the Attorney General and the Commissioner. The Attorney General filed in due time an intervention which, omitting the caption, address, signature, etc., was as follows:

"Comes now the State of Texas by and through its Attorney General, Gerald C. Mann, and on behalf of the public free school funds of the State of Texas files this its intervention in compliance with the provisions of House Bill No. 9, Acts of the Forty-sixth Legislature, 1939, Article 5421c, Section 5, [6] Subsection j, Vernon's Annotated Statutes, and respectfully requests this Honorable Court to instruct the District Clerk to notify the Attorney General of the State of Texas of the date set for any preliminary hearing herein and the date set for the trial hereof."

Some of the defendants questioned by special exception the right of plaintiff to maintain the suit on a rejected application. All joined issue with plaintiff Gregory as to the existence of the vacancy. Thereafter the State filed a motion to withdraw its plea of intervention, urging that the Act of 1939, on which plaintiff relied, did not give plaintiff the right to maintain an action against the State on an ungranted application to lease made under Section 6, Chap. 271, Acts of the Forty-second Legislature, 1931; that plaintiff's suit was unauthorized insofar as the State was concerned. A plea to the jurisdiction was likewise filed by the State urging immunity from suit without authorization by the Legislature. The court granted the State's motion to withdraw the plea of intervention, but refused to dismiss the State from the case, and thereafter overruled the State's plea to the jurisdiction. The judgment found the vacancy claimed did not exist, and was against the plaintiff and in favor of all defendants. As to the State, the judgment provided as follows:

"This judgment shall be binding upon the State of Texas."

The State has perfected this appeal from the judgment. Plaintiff Gregory has not appealed.

The State urges the following point of error: "The Court erred in overruling the plea to the jurisdiction of the court filed by the Attorney General and in refusing to dismiss the cause as to the State of Texas, the Land Commissioner and the Attorney General."

Relied upon as sustaining the appeal was the case of United Production Corp. v. Hughes, 137 Tex. 21, 152 S.W.2d 327, and the case of Glasscock v. Tyler,[1] recently decided by this court, in which the Supreme Court dismissed an application for writ of error as without merit. The publication of the opinion has not as yet been authorized.

Hereafter in the discussion of this case we shall refer to the several Public Land Acts as the Acts of 1919, 1931 and 1939.

In United Production Corp. v. Hughes, supra, the opinion was rendered April 30, 1941, and the motion for rehearing overruled on June 11, 1941. In that case plaintiff sought to obtain a lease on vacant land, making, among others, the Commissioner of the General Land Office in his official capacity a party defendant. Plaintiff claimed the right to an oil lease under an application conforming to the requirements of the Act of 1931, Vernon's Ann.Civ.St. art. 5421c § 1 et seq. The Attorney General filed a plea to the jurisdiction on behalf of the Commissioner on the theory that the suit, in the last analysis, was a suit against the State. Some of the other parties defendant filed similar pleas. Plaintiff conceded the validity of the plea urged by the Commissioner, and asked leave to dismiss as to him. The court sustained the pleas to the jurisdiction of all the parties, and ordered the case dismissed, refusing plaintiff leave to amend.

The Austin Court of Civil Appeals reversed the judgment of the trial court. It was held plaintiff's allegations entitled him to maintain his suit against the defendants other than the State, that is, the Land Commissioner. This case is reported under the style of Hughes v. McDonald, Tex.Civ. App., 122 S.W.2d 366. Writ of error was granted, and the Supreme Court reversed the judgment of the Court of Civil Appeals and affirmed that of the trial court. Judge Slatton in the opinion reviews the various Acts relating to the right of an applicant to purchase to maintain an action thereon where it was necessary to establish the land was vacant, and maintained the disputed title of the State thereto. In substance, it was stated that the Act of 1919, Art. 5323, R.S.1925, was the first act conferring this right; that the Act of 1931 took away this right by the repeal of said

---

[1] No opinion for publication.

Art. 5323; in the event the Commissioner rejected the application, the applicant was without remedy, there being no statutory authority to sue the State. The Act of 1939 was referred to as having no application. The suit was instituted, tried and passed upon by the trial court and the Court of Civil Appeals before the Act of 1939 was passed. It is stated in the course of the opinion, as follows:

"The repeal of the 1919 act, i.e., Article 5323 above mentioned, by the act of 1931, c. 271, § 13, evidences a recognition by the legislature that it did not consider it to be in the public interest to allow the titles of lands claimed to belong to the State or any fund of the State to be litigated except through its representative, the Attorney General." [137 Tex. 21, 152 S.W.2d 332.]

Now, it seems to us that the Act of 1939 was passed in the belief that the better policy was to allow one claiming under a rejected application to litigate the question of vacancy—to litigate the same in a proceeding binding upon the State; that as to the prospective application of a law there can be no question but that this deduction is correct.

The case of United Production Corp. v. Hughes, supra, was the first case clearly establishing that a rejected applicant under the Act of 1931 could not maintain an action to establish a vacancy. About the time the Legislature had the Act of 1939 under consideration, the Austin Court had held that a rejected applicant had a right to maintain an action to establish the vacancy against adverse claimants other than the State. This decision was not reversed by the Supreme Court until 1941.

It is true that the decision of the Supreme Court in the case of Cockrell v. Work, 122 Tex. 406, 61 S.W.2d 787, may have foreshadowed the ruling in United Production Corp. v. Hughes. The latter case is certainly in harmony with the former, but the question of a right to purchase under the Act of 1931 was not involved. The right to maintain suit by one under a granted application could, of course, not be quest-tioned. Short v. W. T. Carter & Bro., 133 Tex. 202, 126 S.W.2d 953.

It was stated in the case of United Production Corp. v. Hughes, that the law of 1939 had no application. This is true on many grounds: (1) because in testing the correctness of the trial court's judgment the law of 1939 was not in force; (2) because it was held in the decision of the Supreme Court that the case was not a pending suit, the court being utterly without jurisdiction; further true, because at the time the Supreme Court passed upon same, it was utterly impossible for the plaintiff therein to bring himself within the time conditions imposed by paragraph i of Section 1 of the Act of 1939.

Under United Production Corp. v. Hughes, it is authoritatively established, we think, that plaintiff here had not the right to maintain his suit here under the Act of 1931. Hence, plaintiff must rely upon, and did rely upon, the Act of 1939 for authority to maintain this suit.

We come now to the case of Glasscock v. Tyler, relied on by the State. In that case the plaintiff, as in the instant case, relied upon the Act of 1939 as authorizing the maintenance of his suit. The situation in that case was in many respects similar to the situation in the case of Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173, 104 S.W.2d 3. In each case plaintiff relied upon his compliance with the Act of 1931; in each case the application was to obtain a lease on the land as vacant unsurveyed public school land; in each case it was claimed the area involved had been patented by the State to another. There was no question but that the very area involved in Caples v. Cole had been patented to another. In each case plaintiff contended that the patent was void for the reason that the patented area was within five miles of producing wells. There is, however, this distinction between the pleading in the two cases: in Caples v. Cole the plaintiff's petition failed to negative the fact that at the time the Commissioner made the sale it was an issuable question as to whether the area was within five miles of producing wells. The petition in Glasscock v. Tyler was drawn by a lawyer who evidently had carefully read, considered and comprehended the opinion in Caples v. Cole. In his petition he sought to show that the area in question was beyond the shadow of a doubt within five miles of a producing well, and that the Land Commissioner was aware of that fact at the time the award was made. Our decision in that case, as to defendants other than the State, was in part based on the belief that plaintiff, under Caples v. Cole, was barred by the statute of one year limitation. We have grave doubt as to the correctness of that holding and the application of Caples v. Cole.

If plaintiff's allegations were true, and the case passed off on exceptions, there was no doubt under the holding in Caples v. Cole, the patent was not issued by authority of law, or color of such authority, and in such case the one-year statute did not apply. In Caples v. Cole it was not decided whether the area was surveyed or unsurveyed land; that is, whether or not the approval of the field notes for the patent constituted same surveyed land. This question was perhaps in Glasscock v. Tyler, although not discussed in the opinion.

In the case of Spring v. Meco Production Co., Tex.Civ.App., 134 S.W.2d 828, writ dismissed for want of merit, we held that the survey, having been accepted as a basis for an application for a patent, constituted the land surveyed land, and there was no basis thereafter for an application to purchase as unsurveyed land. If this holding was correct, it would sustain a holding in Glasscock v. Tyler, where the application was to purchase as a discoverer of unsurveyed land. We further held in Glasscock v. Tyler, that the Act of 1939 did not confer on the plaintiff a right to maintain the action against the State under the express provision of Section 3 thereof.

Our only excuse for discussing at length the case of Glasscock v. Tyler is to demonstrate that the action of the Supreme Court on the writ of error in that case cannot be regarded as a necessarily controlling precedent here. It is a precedent that under the facts pleaded there was no jurisdiction over the State, and that no cause of action was stated as to the other defendants. In that opinion, together with this discussion, we think the pleading of the plaintiff is fairly set forth.

The facts there involved are not the same as those in this case, and hence some different questions are raised. The question there was not as to the location of the land, but as to who had the better right thereto under the State. Here, the question is as to the location of the area involved. Title in the State is not conceded by the defendant. Plaintiff here seeks to enforce as against the State a right acquired by his application to purchase the area, which application has been denied by the Commissioner, whose duty it was to pass upon the fact as to whether the vacancy existed. United Production Corp. v. Hughes, 137 Tex. 21, 152 S.W.2d 327.

The question here, in the last analysis, is as to the correctness of provision in the judgment that it was binding on the State. The Attorney General undoubtedly intervened in the case because he thought at the time of the filing of the intervention it was his duty to do so under the law of 1939. The plea has been heretofore set out. We construe this as a mere entrance of the appearance of the State, as no affirmative relief was sought. Unless authorized by law it is elementary that the mere entering of the appearance of the State, even though by the Attorney General, would not confer jurisdiction to hear the cause. Only the Legislature may authorize a suit against the State. Of course, a judgment in a suit authorized by the Legislature may be binding on the State, although the State be not a party thereto by name, if someone be a party duly authorized by law to protect the interest of the State. Camp v. Gulf Production Co., 122 Tex. 383, 61 S.W.2d 773.

Unless the procedure under paragraph j of Section 1 of the Act of 1939 authorized the making of the State a party, the only one by any stretch of imagination that could be said to represent the State would be the plaintiff. A plaintiff who in the last analysis seeks to compel the State to assert a title to an area which, in the deliberate judgment of the Commissioner, the State did not own, would allow him to assert a claim which the Attorney General has the power to assert, and which it is his duty to affirmatively assert, if he believes such claim is well founded in fact. In our opinion, as we have stated, if there was authority to institute this suit, it must be implied from paragraph i of Section 1, of the Act of 1939, Vernon's Ann. Civ.St. art. 5421c, § 6(i). Further, if the judgment is to be binding on the State, then it must be because paragraph j of the same section relates to the parties and the manner of their citation. Paragraph i of Section 1 of the Act of 1939 is as follows:

"(i) Any application made under prior laws to purchase or lease unsurveyed school land which is on file in the office of the Commissioner or with any county surveyor and which has not been granted upon the effective date of this Act, shall become null, void, and of no further effect unless there is then pending a suit, or suits, involving the question of whether the land so affected or a part thereof is vacant, or unless the Commissioner shall within

nine (9) months after the effective date hereof grant said application, or unless the applicant shall within sixty (60) days after the end of such nine-months period, file an action in the District Court, for the purpose of litigating the question of the existence of a vacant unsurveyed area."

It is to be noted that the quoted language refers only to applications under prior law on file on its effective date. It excepts applications where there is a suit pending to determine whether the area or a part thereof is vacant land. This, perhaps, refers to suits wherein the State is a party and asserting the vacancy. Without the State's consent the applicant could not institute such a suit. United Production Corp. v. Hughes, supra.

By its very terms a granted application is excluded from the operation of the law. In case of a granted application there was a speedy and efficacious remedy open to the parties through the courts. It does not literally exclude from its terms application which had been refused prior to its effective date. The language creating the condition as to the suit by applicant to preserve his rights under his application is broad enough to cover an application rejected before the effective date of the Act.

■ Now the rejection by the Commissioner of an application to purchase a vacancy under the law of 1931 did not have the effective force of a judgment. It was in no way binding upon the State. Rejected, it stood as a cloud on the title of those claiming the area under prior purchases from the State. The Attorney General at any time might institute an action to recover the land. One of the purposes of the Act of 1939 was to avoid the selling of land as to which there was a substantial dispute as to title. In case of a sale or the granting of the application, there was a speedy means to determine the title; in case of a refusal of the application, it became final unless questioned in a relatively short time.

■■ By fair implication we think the purpose of the law of 1939 was to confer on one claiming under a rejected application under the law of 1931 the right to litigate the question of a vacancy or non-vacancy with the State within the time allowed. If he did not do so, his right under the application was forever barred. A suit against the State in the time limited was a condition upon which the right to sue

was conferred. In granting the right to sue, the State Legislature had power to attach conditions thereto.

■ We think there was a right to maintain this suit despite the provision in Section 3 of the Act of 1939, Vernon's Ann. Civ.St. art. 5421c, § 6 note that "Nothing in this Act shall apply to any application on file at the effective date of this Act, and such applications may be prosecuted under the law in effect at the date such applications were originally filed," because the concluding clause, "except that suit thereon shall be filed (if not already filed) within the time limits fixed in subsection i hereof," required such applicant to bring his suit within the time limits therein fixed or suffer a forfeiture of all the rights he had acquired by virtue of his application.

Considering the law as a whole and its purpose, we think that it relates to procedure in relation to the Land Office, and to substantive rights conferred by prior laws. If there was a vacancy in fact and the applicant had up to date pursued the course prescribed by a prior law, this was sufficient to entitle him to maintain the action, and to acquire the land under the prior law. The new right conferred by the law of 1939 was to try as against the State the question of whether or not there was a vacancy. The Act of 1939 was a return to the policy of the Act of 1919.

In our opinion the judgment entered bound the State on the issues tried within the scope of the pleadings. Defendant filed no cross action, the State asserted no rights against the defendant, save as asserted by the plaintiff. Plaintiff asserted there was a vacancy. He did not claim any excess in the surveys claimed by defendants. It could hardly be said that if the purchase price of the land had not been entirely paid by the defendants that they would be absolved from making further payment.

The question of vacancy was tried in a proceeding authorized by the State to which, if we are correct in what we have said before, the State was a party, and same should be binding on the State.

The judgment is in all things affirmed.

Supplemental Opinion.

PER CURIAM.

In ordering this opinion published, it is desired to make one correction as to the

discussion therein of the case of Glasscock v. Tyler. In that case the petition failed to show that appellee's application was filed under the law of 1931. In fact in that case, appellee predicated his claim on an application made under the law of 1919.