## STATE v. SILER et al.
### No. 6144.

Court of Civil Appeals of Texas. Texarkana.
Dec. 13, 1944.

Rehearing Denied Jan. 4, 1945.

Grover Sellers, Atty. Gen. of Texas, and Geo. W. Barcus, Gaynor Kendall, Fagan Dickson, and Ocie Speer, Asst. Attys. Gen., for appellant.

Turner, Rodgers & Winn and George S. Terry, all of Dallas, Vinson, Elkins, Weems & Francis and C. E. Bryson, all of Houston, Brachfield & Wolfe, of Henderson, Weeks, Hankerson & Surles, of Tyler, and Donald Campbell and L. A. Thompson, both of Tulsa, Okl., for appellees.

PER CURIAM.

In this trespass to try title action filed September 17, 1943, in which appellant, the State of Texas, sought to recover the 8.3 acre tract of land described in its petition, the appellees, Mary Siler and others, being the original patentees, lessees and royalty owners holding under the patentees, defendants below, asserted title to the tract under a patent from the State of Texas dated November 23, 1932, which purports to convey to Mary Siler and Eddie Mason the tract in controversy. In a trial to the court appellees' contention was sustained, and plaintiff denied any recovery except 1/8 of the sulphur and 1/16 of all other minerals under the tract as a free royalty as expressly reserved in above-mentioned patent and recognized by the defendants.

Mary Siler (individually and as administratrix of the estate of W. H. Siler) and Eddie Mason filed application on January 21, 1932, asserting as good faith occupants a preference right to purchase the land in question by virtue of Sec. 5 of Chapter 271, Acts of the 42d Legislature, Vernon's Ann.Civ.St. art. 5421c, § 5. It appears that on the date of such application and at all times since, the land was situated within five miles of a well producing oil in commercial quantities. To the contentions of the State that the sale and patent of this 8.3 acres to Mary Siler and others were void because the land was so located within five miles of a producing oil well at the time, the defendants, among other defenses, urged the one-year statute of repose, Art. 5329, Sec. 4, which reads: "No sale made without condition of settlement shall be questioned by the State or any person after one year from the date of such sale. * * *"

In a well-considered opinion by Chief Justice Monteith of the Galveston Court of Civil Appeals in the case of State v. Sneed, 181 S.W.2d 983, upon similar facts as here presented, that court decided adversely to the State similar issues presented by the record on appeal in this case. The Supreme Court, 183 S.W.2d 566, in overruling a motion for rehearing on an application for writ of error in above-cited case said: "On the 18th day of October, 1944, we refused applications for writs of error in the above cases. The applications were refused because we were of the opinion that the State's suits to recover the land were barred by the one-year statute of limitation. Revised Statutes, Art. 5329, § 4; Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173, 104 S.W.2d 3."

In this case it appears that the State did not institute suit to cancel the patent within the time prescribed by statute, and requires an affirmance of the judgment entered.

This conclusion renders a discussion unnecessary of the other points presented.

The judgment of the trial court will be affirmed.