DEPARTMENT OF PUBLIC SAFETY OF
TEXAS et al., Appellants,

v.

GREAT SOUTHWEST WAREHOUSES,
INC., Appellee.

No. 10896.

Court of Civil Appeals of Texas.

Austin.

Dec. 6, 1961.

Rehearing Denied Jan. 3, 1962.

Will Wilson, Atty. Gen., Morgan Nesbitt, Asst. Atty. Gen., for appellants.

Phinney, Hallman & Pulley, Dallas, for appellee.

RICHARDS, Justice.

The majority opinion delivered on November 15, 1961 is withdrawn and the following opinion is substituted:

Suit was brought by Great Southwest Warehouses, Inc., appellee, against the Department of Public Safety of Texas, a State agency, the Chairman and members thereof and its Director, in their official capacities, appellants, for a declaratory judgment under the provisions of Art. 2524–1, Vernon's Civil Statutes, construing Art. 911b, V.C.S. (the Texas Motor Carrier Act), and specifically 1(g) thereof defining the term "motor carrier," to determine whether such term as used in the Act includes and should be applied to motor carriers operating for hire between contiguous incorporated cities and towns and therefore subject to the Motor Carrier Act under the jurisdiction of the Railroad Commission of Texas, even though in the course of the journey from one city to another no unincorporated areas are traversed. Appellants answered only by a general denial.

Upon hearing the Trial Court held that such operations are excluded from the regulatory provisions of the Motor Carrier Act and that no certificate of public convenience and necessity or other authority from the Railroad Commission is required

for such transportation operations, from which judgment this appeal is taken.

■ It is fundamental law that an action against a State agency or department is a suit against the State where the agency is exercising only governmental functions, Stephens v. Texas & Pac. Ry. Co., 100 Tex. 177, 97 S.W. 309, 312; Short v. W. T. Carter & Bro., 133 Tex. 202, 126 S.W.2d 953, 962, and that the State, like any other sovereignty, may not be sued without its consent which may only be obtained by legislative permission. Hosner v. De Young, 1 Tex. 764; State v. Isbell, 127 Tex. 399, 94 S.W.2d 423.[1] The rule of State immunity from suit without its consent applies to suits under the Uniform Declaratory Judgments Act, Art. 2524–1, V.C.S., W. D. Haden Co. v. Dodgen, 158 Tex. 74, 308 S.W.2d 838, 839.

■ The Department of Public Safety being charged with the administration and enforcement of the Texas Motor Carrier Act (Art. 911b, V.C.S. and Art. 1690b, Vernon's Ann.P.C.), the suit is against a State agency and its officers to determine whether the State acting through such officers is properly exercising acts of sovereignty, that is, whether appellee should be required to obtain a certificate of public convenience and necessity to operate as a motor carrier between contiguous incorporated cities even though in the course of such journeys no unincorporated areas are traversed.

■ When this appeal was submitted and argued the Assistant Attorney General representing appellants stated in effect that appellants had made no threats to enforce either the civil or penal provisions of the Motor Carrier Act against appellee and that appellants would not attempt to do so during the pendency of this suit. He also admitted that the failure to raise the fundamental issue of the State's immunity from suit by pleas in abatement and to the jurisdiction in the Trial Court was because appellants had requested that the State's right to immunity from suit should not be raised or pleaded.

Art. 4411, V.C.S., prohibits the Attorney General as the official legal representative of the State or any agency thereof in any suit in which the State is a party from making any admission, agreement or waiver which would prejudice the rights of the State. Therefore even though requested by appellants to waive the fundamental right of the State to plead its immunity from suit, such right could not be prejudiced by the act of the Attorney General in failing to assert it. There is no contention by either of the parties that legislative consent to institute this action has been obtained. Unless legally authorized it is elementary that the entry of appearance of the State by the Attorney General in filing an answer consisting only of a general denial would not confer jurisdiction upon the Trial Court to hear the cause since only the Legislature may authorize a suit against the State. State v. Gulf Oil Co., Tex.Civ.App., 166 S.W.2d 197, 200 (no writ history).

The identical question of statutory construction and interpretation involved herein was presented in Law v. Texas Delivery Service, Inc., Tex.Civ.App., 335 S.W.2d 653 (error ref., N.R.E.), in a suit for declaratory judgment and injunction brought against the officials and employees of the Texas Department of Public Safety in their official capacities. Pleas in abatement and to the jurisdiction filed by the defendants were overruled by the Trial Court, who entered a declaratory judgment similar in effect to the judgment herein entered and in addition enjoined the officials of the Department of Public Safety from interfering with the operations of the appellee. On appeal the Trial Court's judgment was reversed and rendered and the cause of action was dismissed. On motion for rehear-

1. For a comprehensive collation of authorities governing governmental immunity from suit in Texas see 27 Texas Law Review 337.

ing the Court of Civil Appeals held that if the State instituted criminal proceedings under Art. 1690b, Secs. (a) and (b), V.P.C., or if the State elected to file a civil action for injunction pursuant to Art. 1690b, Sec. (c) V.P.C., appellee could urge its defenses therein.

Here a situation is presented where two suits, each brought pursuant to the Uniform Declaratory Judgments Act, against the Department of Public Safety and its officials in their official capacities involve the identical question of statutory interpretation or construction of the Motor Carrier Act. In the first suit the officials of the Texas Department of Public Safety urged pleas to the jurisdiction and in abatement, while in the instant suit, at the request of the same officials, the substantive rights of the State's immunity from suit are not presented but are expressly waived by the Attorney General contrary to the provisions of Art. 4411, V.C.S.

As stated above, it is a rule of universal application that a State cannot be sued without its consent, which consent can only be granted by legislative enactment. As was said by the Supreme Court of Texas in State v. Isbell, supra:

"The Legislature has never seen proper, so far as we know, to make provision by general law for suits against the state under any and all circumstances. *Such a policy would lead to endless litigation against the sovereignty.* It has, therefore, been the policy of the Legislature to grant the privilege of suing in particular instances." (94 S.W.2d l. c. 425.) (Emphasis supplied.)

Since only the Legislature can waive the right of the State to immunity from suit, neither the executive or judicial branches of the State government may exercise such power. Art. II, Sec. 1, Con-

stitution of Texas, Vernon's Ann.St. Where actions which would require legislative consent are instituted in the Courts of this State against State officers, agencies or departments without such legislative consent, and the Attorney General as their legal representative and at their request, as in the instant case, or of his own volition,[2] fails to assert the State's right to immunity from suit, such action would, in effect, constitute the usurpation by the executive branch of the Government of a power of the legislative branch in violation of Art. II, Sec. 1, supra. A waiver of the right of State immunity from suit by failure to assert it, is equivalent to an affirmative grant and consent to be sued, which is purely a legislative prerogative. This Court as a part of the judicial branch of the State Government may not by judicial fiat approve such violation of the constitutional provision for separation of the powers of the government.

Since in our opinion the Attorney General was without legal power or authority to waive the right of the State to immunity from the suit brought by appellee in the instant case, the Trial Court was without jurisdiction to hear or decide the question presented. Having reached this conclusion it is unnecessary to pass upon the merits of the declaratory judgment rendered by the Trial Court.

The judgment of the Trial Court is reversed and the cause remanded with instructions to dismiss.

Reversed and remanded with instructions.

HUGHES, Justice (concurring).

In my opinion, the right of appellee to a declaratory judgment in this case has been settled adversely to it in Law v. Texas Delivery Service, Inc., 335 S.W.2d 653, Dal-

---

2. Where under Sec. 11, Art. 2524–1, V.C.S., the proceeding involves the constitutionality or validity of a statute, the Attorney General in his discretion is entitled to be heard. Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509, 511.

las Civil Appeals, writ ref., N.R.E. In that case the facts are essentially the same as they are here. The same statutes are involved. The Court of Civil Appeals denied the prayer for a declaratory judgment. This action of the Court was made the basis of a point of error presented to the Supreme Court in the application for writ of error filed by Texas Delivery Service. This point was well briefed by the parties, and I quote from the reply of the Attorney General to petitioner's argument on this point:

"Petitioners finally contend that the Court of Civil Appeals, in holding that the trial court was without jurisdiction in this case, largely overlooked the fact that Petitioners also sought relief under the Declaratory Judgments Act.

"Section 1 of the Uniform Declaratory Judgments Act, Article 2524, V.C.S., as to the scope of the Act provides:

" 'Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations.'

"The Declaratory Judgments Act will not operate to enlarge or expand the jurisdiction of a civil court, nor does it operate to change or overrule the law as to the jurisdiction of the courts as it existed prior to the enactment of the Act. The rule of law as to the jurisdiction of civil courts in cases such as the instant case has been long and well established by the decisions in Ex Parte Phares and Ex Parte Sterling and other cases cited hereinabove. The Declaratory Judgments Act is remedial in nature and procedural in character and it does not create jurisdiction in courts over subjects over which they had no jurisdiction before passage of the Act."

Among the supporting authorities cited, the Attorney General quoted from Malone v. City of Houston, 278 S.W.2d 204, Hous-ton Civil Appeals, writ ref., N.R.E., as follows:

"The Uniform Declaratory Judgments Act confers declaratory power upon courts within their respective jurisdictions, and does not confer on civil courts jurisdiction to declare rights, status or other legal relationships arising under a penal statute."

Strangely, the Attorney General does not make the same defense to this suit which he successfully made in Law v. Texas Delivery Service. In fact, he does not even cite such case to this Court.

I agree with the judgment rendered by the majority. I express no opinion on other questions discussed by the Court.