STATE of Missouri ex rel. Thomas F. EAGLETON, Attorney General, Relator,

v.

The Honorable Harry A. HALL, Judge of the Circuit Court of Jackson County, Missouri, at Kansas City, Division No. 10, Respondent.

No. 50703.

Supreme Court of Missouri,

En Banc.

April 12, 1965.

Rehearing Denied May 10, 1965.

Norman H. Anderson, Atty. Gen., Thomas F. Eagleton, former Atty. Gen., J. Gordon Siddens, Asst. Atty. Gen., Jefferson City, Theodore C. Beckett, Sp. Asst. Atty. Gen., Kansas City, for relator.

Glen V. Graf and Roger S. Miller, Kansas City, for respondent.

HENLEY, Judge.

This is an original proceeding in prohibition instituted in this court wherein relator, as Attorney General of Missouri, seeks to prohibit respondent, as Judge of Division 10 of the Circuit Court of Jackson County at Kansas City, from hearing or taking any further action in the case described in the next paragraph. Our provisional rule was issued April 13, 1964. In due time respondent filed his return and relator his reply thereto.

On July 13, 1961 Virginia Gray, et al., (hereinafter referred to as plaintiffs) as legatees and devisees under the will of Mayme B. Allison, deceased, filed a suit in the above-mentioned circuit court against Perrin D. McElroy, public administrator of Jackson County, Carl A. Neibling, Velma Beatrice Benson and the State of Missouri to set aside a codicil to the last will and testament of the deceased. By her will de-

ceased gave to Neibling the right to occupy a room in her residence and to use the furniture, etc., therein for his life; to Velma Benson she gave her real property for life and an automobile; and to the plaintiffs, Virginia Gray, et al., she gave the residue of her estate. By the codicil she revoked the gifts to those plaintiffs, reaffirmed the specific gifts to Neibling and Velma Benson, and gave the residue of her estate to the State of Missouri. As grounds for setting aside the codicil plaintiffs alleged, in substance, undue influence of Neibling and lack of testamentary capacity of the testatrix. The will and codicil were admitted to probate November 10, 1960.

It is agreed that the state has not been served with process in the action to set aside the codicil.

On August 10, 1961, the state, appearing specially for the purpose of its motion only, moved to dismiss the state as a party, and also the action, on the grounds, (1) process had not been served on the state, and, (2) the court did not have jurisdiction of the state because the latter had not waived its sovereign immunity and had not consented to be sued. On October 25, 1961 a judge of the assignment division of the court sustained the motion to dismiss the state "as a defendant", but overruled the motion to dismiss the action. More than two years later relator filed his petition for writ of prohibition.

After the state's motion was ruled, defendant Neibling filed a motion to dismiss on the ground that plaintiffs had not secured and completed service of process on the state within sixty days after filing of their petition. This motion was overruled.

In his return, respondent alleges that relator, by and through his assistant, waived immunity of the state by appearing and participating in depositions taken by plaintiffs in the action to set aside the codicil. Denying the waiver in his reply, relator admitted that one Richard R. Greenlee, an employee of the attorney general, attended and participated in the taking of said deposi-

tions, but further alleged that Greenlee was employed solely as a tax investigator, was not an assistant attorney general, and did not have authority to represent the state.

■ The basic problem presented is whether respondent has jurisdiction to hear and determine the action to set aside the codicil in the absence of the state as a party defendant. Within that problem is the question of whether the state is a necessary party. Respondent's contention that the state is not a necessary party is without merit for that contention was laid to rest and the question resolved more than one hundred years ago. In Eddie v. Parke's Executor, 31 Mo. 513 (March Term, 1862) this court was presented with a like question. There the testator gave a small legacy to his daughter, one of the plaintiffs, and the residue of his estate to his grandchildren, the children of that daughter. The grandchildren were not made parties defendant in the action to contest the will. The trial court sustained the executor's demurrer to the petition on the ground that the devisees under the will were not made parties. Affirming that judgment this court said " * * * the only parties interested in the estate are the children of [plaintiffs]; yet neither of them are made parties to the proceeding, though the very object of the suit is to divest them of the property devised to them by their grandfather. No decree or judgment under such circumstances could have any force or effect, for a judgment is only operative against those who are made parties to the suit. * * ." Blatt v. Haile, Mo., 291 S.W.2d 85, 89 [3, 5]; Cole v. Smith, Mo., 370 S.W.2d 307, 308 [2].

■ Although the point sought to be made is not clear, we understand respondent argues also that the state does not have an interest in the estate of which it could be divested because a will or codicil is always subject to being set aside. The argument seems to be that the interest of the state as the sole legatee and devisee of the residuary estate was suspended when the

suit to set aside the codicil was filed; therefore, the state did not have an interest of which it could be deprived. The argument is without merit. The state has a legal and a beneficial interest in the residual estate which it acquired upon the death of the testatrix. Section 473.260. (References to statutes are to RSMo 1959 and V.A.M.S.) The state is a necessary party to a complete determination of the action and without it any judgment entered would be only a partial determination thereof. Eddie v. Parke's Executor, supra.

The rule is that the state, by reason of its sovereign immunity, is immune from suit and cannot be sued in its own courts without its consent. See Kleban v. Morris, 363 Mo. 7, 247 S.W.2d 832, 836 [2] and cases there cited; 81 C.J.S. States § 214, p. 1300. "A suit, involving property in which the state has an undoubted right or interest, and in which no effective decree can be rendered without binding the state itself, is a suit against the state and cannot be maintained without its consent. * * *" 81 C.J.S. States § 216c, p. 1320. The respondent does not now have, and cannot acquire jurisdiction of the person of the state in the absence of a waiver by the state of its sovereign immunity and its consent to be sued. Without jurisdiction of the state as a party what could the court accomplish by proceeding to hear and determine the action to set aside the codicil? The three remaining defendants (the public administrator [although the record does not so show, we assume his only interest is that of personal representative of the deceased in the place of the executor appointed by the will], Neibling and Benson) take nothing under the codicil, the gifts to Neibling and Benson being provided for in the unattacked will. Consequently, the only person left whose rights can be affected by action of the court is the state. As stated, that person is not a party. And respondent is without jurisdiction to take any action the result of which would be to divest the state of its interest.

Respondent contends that albeit the state is not a necessary party, it is now in fact a party because it has waived its sovereign immunity and the service of process, and has entered its appearance. The basis for this contention is the appearance of an employee of the attorney general at and his participation in depositions taken by counsel for plaintiffs. Respondent does not cite authority in support of his basis for this contention and we find none. In 81 C.J.S. States § 214, pp. 1303–1304, it is stated that a voluntary general appearance by the state may constitute a waiver, "but consent or appearance by an officer, who has no authority to waive the immunity of the state, is ineffectual." State v. Gulf Oil Corporation (Tex.Civ.App.), 166 S.W. 2d 197 [1]. Who has authority to enter an effectual appearance for the state and consent that it be sued? This court held in Nacy v. Le Page, 341 Mo. 1039, 111 S.W. 2d 25, 114 A.L.R. 259, that it was for the legislative branch to determine in what matters and in what manner the state could be sued. In State v. Gulf Oil Corporation, supra, it was held that not even the attorney general could enter an appearance that would confer jurisdiction since only the legislature may authorize a suit against the state. The attorney general is given authority by Section 33.560 to institute and prosecute necessary proceedings to protect the right or title of the state in gifts made to the state. Conceivably this could include the authority to enter an appearance for the state where that is necessary to protect its rights to gifts the acceptance of which is provided for in § 33.550. However, to say that the attorney general may have authority to enter the appearance of the state is not to say that his employee with authority only as an investigator of tax matters is empowered to waive the state's immunity. In State on inf. of McKittrick, Attorney General, ex rel. Handlan v. Wilkie Land Co., Mo.App., 165 S.W.2d 432, 435 [2, 3] the St. Louis Court of Appeals held that an employee of the attorney general with authority only to collect delinquent

taxes did not have power to act for the attorney general in a quo warranto proceeding. We hold that Greenlee did not have such authority as would empower him to enter an appearance for the state and that respondent does not, therefore, have jurisdiction of the person of the state.

The respondent argues in his brief that the rule of sovereign immunity has exceptions and limitations, but we find none applicable to the facts of this case. We have read the authorities he cites in support of this argument. None of them is authority for an exception or limitation to the rule; accordingly, we do not burden this opinion with further reference to those cases.

It might be argued that the principle of sovereign immunity is an archaic hangover not consonant with modern concepts of business morality and that it should be limited wherever possible. There may be substance to such viewpoint as applied to a situation where the state would inherit property under a will or codicil subject to a meritorious attack by heirs or others for lack of testamentary capacity of the testator, or on other grounds. But there are the strongest reasons of public policy for the rule of sovereign immunity. The state, in its capacity as representative of the people as a whole, should not be stopped in its tracks by any plaintiff who presents any disputed question of property. The recognized trend, particularly in the Federal Government, is to permit suits against the sovereign, but that trend, thus far, is given expression only by legislative enactment. And the decision whether to disturb that policy and extend the trend is for the wisdom of our General Assembly. Nacy v. Le Page, supra. It is a far different matter for the courts to give hospitable scope to the trend, and we decline to do so.

■ It might also be argued that since the state is no longer a party to the action whereat the writ is aimed it is no more than a stranger or interloper and is without standing to prosecute this proceeding. The conclusive response to that argument is that notwithstanding the fact that the state is technically a stranger to that action it has such interest therein that relator may seek and prosecute prohibition in its behalf. See State ex rel. Drainage District No. 8 of Pemiscot County v. Duncan, 334 Mo. 733, 68 S.W.2d 679, 684 [6], and cases there cited.

It is not necessary to a determination of the issues raised to rule at this point whether there is provision in our laws for service of process on the state in the suit to set aside the codicil. Both relator and respondent question whether § 506.150(4) and Civil Rule 54.06(d), V.A.M.R. prescribe the manner of service. The fact remains service was not secured, and had it been respondent would still be faced with the plea of sovereign immunity.

■ Respondent further contends that the state could and should have appealed from the court's order on its motion to dismiss the action to set aside the codicil; that the state had an adequate remedy by appeal; therefore, the extraordinary remedy of prohibition is not available. It will be recalled that the trial court sustained the state's motion to dismiss it as a party but overruled the motion to dismiss the action, the order being in these words, "The motion of the State of Missouri to dismiss it as a defendant is sustained. Insofar as said motion may be construed as a motion to dismiss the petition and cause of action, it is specifically overruled." The effect of this order is that the action was dismissed as to the state; it could have no other result. We will not speculate on the reason, if any, for the last sentence of the order. No matter what the reason, the state was not aggrieved by the order and could not appeal. § 512.020.

Because respondent would assume but does not have jurisdiction over the person

of the state our provisional rule should be, and is, made absolute.

STORCKMAN, HYDE, HOLMAN and FINCH, JJ., and STONE, Special Judge, concur.

EAGER, C. J., concurs in result.

DALTON, J., not sitting.