THE STATE OF TEXAS V. DICK ISBELL.

No. 6652. Decided May 27, 1936.
(94 S. W., 2d Series, 423.)

*William McCraw*, Attorney General, *Leonard King* and *John W. Pope, Jr.*, Assistants Attorney General, for appellant.

The Legislature may not give its permission for the State to be sued by resolution, and its attempt to do so conferred no jurisdiction on this Court, as such permission may only be given *by law* in an act of statute of the Legislature. Hosner v. DeYoung, 1 Texas, 769; Borden v. Houston, 2 Texas, 611; Herring v. Houston Natl. Bank, 114 Texas, 394, 269 S. W., 1031; City of San Antonio v. Micklejohn, 89 Texas, 82, 33 S. W., 735; Terrell v. King, 118 Texas, 237, 14 S. W. ,2d) 786.

*C. E. Florence* and *E. M. Fulton*, both of Gilmer, for appellee.

An action against the State can be brought only with the consent of the Legislature and under the conditions of the act or resolution authorizing said suit, and plaintiff being authorized by the Legislature to bring his suit in Upshur County and that court having jurisdiction of the amount in controversy, it could be maintained only in that court and that county. Davis v. Donovan, 265 U. S., 257; 44 Sup. Ct., 513, 68 L. Ed., 1008; Raymond v. State, 54 Miss., 562, 28 Am. Rep., 382; State v. Elliott, 212 S. W., 695; Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

In May, 1933, the House of Representatives and the Senate adopted House Concurrent Resolution as follows:

"WHEREAS, On or about April 9, 1929, cattle belonging to Dick Isbell of Ore City, Texas, were so carelessly and negligently dipped that several died as a result of such dipping; and

"WHEREAS, The exact amount of damages is uncertain; and

"WHEREAS, The amount involved cannot be adjusted between the parties and a necessity existing for the deter-

mination of the validity and a settlement thereof of the claims of the said Dick Isbell in a court of competent jurisdiction; now, therefore, be it

"RESOLVED by the House of Representatives of the State of Texas, the Senate concurring, That the said Dick Isbell be and is hereby granted permission, and given authority to institute a suit against the State of Texas in a court of competent jurisdiction in Travis County in order to determine and settle the amount of damages, if any, arising out of and in connection with the aforesaid loss."

Later this resolution was amended and Isbell was given the privilege of filing his suit in the District Court of Upshur County, Texas. He afterwards did so, seeking to recover damages against the State of Texas for the death of several cattle and injuries to others. The basis of his claim was that the cattle had been dipped by order and under the direction of an authorized inspector of the Livestock Sanitary Commission of the State of Texas in an arsenic solution, and that the dipping was so carelessly and negligently done as to cause the death of and injury to his cattle. The State of Texas, through its Attorney General, filed plea of privilege to be sued in Travis County. This plea was overruled and an appeal was prosecuted to the Court of Civil Appeals at Texarkana. That court has certified to the Supreme Court the following question:

"Did the court err in its conclusion of law that this particular action against the State of Texas must be maintained in the District Court of Upshur County, the place and the court in which the suit was authorized by the Resolutions of the Legislature to be filed, and that the order of the trial court should be affirmed?"

■ The Attorney General urges two reasons why the court erred in overruling the plea of privilege. The first is that the domicile of the State of Texas, by virtue of the Constitution and laws of the State, is in Travis County. This contention is so clearly answered by the decision of the Court of Civil Appeals in the case of Martin v. State, 75 S. W. (2d) 950, that we do not need to discuss it. It is a rule of universal recognition that a state cannot be sued without its consent, and then only in the manner, place and court or courts designated. 59 Corpus Juris, pp. 305-306, and authorities there cited. This is such a fundamental rule, that venue may be changed or consent may be withdrawn after the institution of

the suit. Treasurer v. Wygall, 46 Texas, 447; Producers' & Refiners' Corporation v. Heath, 81 S. W. (2d) 533. From this it follows that the question is not one primarily of venue at all, but is determined by the underlying principle that the privilege accorded appellee in this instance can be exercised only in Upshur County and nowhere else.

■ The main contention, however, urged by the Attorney General is that the privilege to sue the State was void because attempted to be given by concurrent resolution and not by act of the Legislature. We have concluded that this contention cannot be upheld. The argument of the Attorney General fails to note the distinction between the creation of a liability on the part of the State, where none previously exists, and the mere waiver of immunity, or giving of consent to sue. It is of course true that the State is not liable for the negligent and careless acts of its officers, agents and servants while in the performance of governmental functions, unless it shall by legislative act assume such liability and consent to be so liable. It is further well settled that the State does not assume and consent to become liable in damages for the torts of its officers, agents and servants simply by virtue of a statute permitting suit against it. Brooks v. State, 68 S. W. (2d) 534 (Writ refused); State v. McKinney, 76 S. W. (2d) 556; 59 Corpus Juris, pp. 194-196, and Annotations in 13 A. L. R., pp. 1276 to 1281 and 42 A. L. R., pp. 1492-1493.

If, therefore, the resolution here in question was one attempting to create liability upon the part of the State for the alleged negligent acts of the inspector of the Livestock Sanitary Commission, we think it would be void, as it seems to be well settled that such could only be done by a general law of the Legislature. Collins v. Commonwealth, 262 Pa., 572, 106 Atl., 229; Sirrine v. State, 132 S. C., 241, 128 S. E., 172. But we are of the opinion that a mere consent by the State to be sued, without recognition of any liability, may be given by joint or concurrent resolution signed by the Governor, as was done in this case. The Legislature has never seen proper, so far as we know, to make provision by general law for suits against the State under any and all circumstances. Such a policy would lead to endless litigation against the sovereignty. It has, therefore, been the policy of the Legislature to grant the privilege of suing in particular instances. If, in the judgment of the Legislature, a situation is presented which entitles a citizen to resort to the courts of the State

for ascertaining the merits of his supposed claim against the State, it would seem that this privilege may be as effectually and expeditiously granted by joint resolution, approved by the Governor, as by a special act of the Legislature. We think the reasoning of the Court of Appeals of Kentucky, in the case of Commonwealth v. Haly, 106 Ky., 716; 51 S. W. 430, followed in the later case of Commonwealth v. Lyon (Ky.), 72 S. W., 223, is sound, even though the constitutional provisions of that state may not be exactly like those of our State.

To the question propounded by the Court of Civil Appeals we answer that the trial court did not err in overruling the plea of privilege.

Opinion adopted by the Supreme Court May 27, 1936.