Howard **WILLIAMSON**, Appellant,

v.

**COUNTY OF DALLAS**, Appellee.

No. 5391.

Court of Civil Appeals of Texas, Waco.

Feb. 6, 1975.

Rehearing Denied March 6, 1975.

---

**496**

Charles J. Winikates, Paul E. Daugherty, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Edward R. Blackstone, Asst. Dist. Atty., Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a condemnation case. The County of Dallas, Plaintiff-Appellee, will be referred to herein as "County"; and Howard Williamson, Defendant-Appellant, is hereinafter referred to as "Landowner". County filed this suit in eminent domain on March 7, 1973, in the trial court to take .303 acre of land belonging to Landowner for the purpose of building a public road. The land condemned is a strip near the center of Landowner's tract and divides his tract into two separate tracts. On March 7, 1973, the same day suit was filed, the special commissioners after a hearing made an award of $3670.00, which amount the County on May 11, 1973, put up as a deposit into the registry of the court under

the provisions of Article 3268, Vernon's Annotated Texas Civil Statutes. Landowner filed his objections to the award on March 14, 1973, and withdrew the award money on June 1, 1973. Thereafter the County entered Landowner's land, took possession of the condemned strip and cleared it and let a contract for construction of a public road known as the "Elam Road" project. This project was located on right of way of which. Landowner's strip was a part. The contract for the Elam Road Project was awarded for approximately $1,400,000.00. Although the contract had been awarded at the time of the temporary injunction hearing hereinafter referred to, construction of the road had not been commenced at the time of such hearing.

On May 15, 1974 (about eleven and a half months after Landowner withdrew the award money) Landowner filed an application for injunction against the County. Landowner alleged in effect that he was in the business of moving houses and buildings and used the real property in question for the purpose of building, storing and repairing equipment; that the north end of his tract has a residence in which Landowner resides, whereas the south end has a building in which he stores tools and parts. The right of way strip goes through the center of Landowner's tract and cuts his land in two, and said strip was in the area where he kept most of his moving equipment and made his repairs to same. He alleged that since the County has taken possession of the subject strip of land, his tools and equipment are crammed and stored on the remainder of his property, and that this works a great inconvenience upon his business operations, has materially damaged his income, and, "for all practical purposes, he has been displaced."

As a result thereof, Landowner claims that he is entitled to be furnished "Relocation Assistance" by the County under the provisions of Article 3266b,[1] V.A.T.C.S. He alleges the County has no "Relocation Assistance" program, and that this is in violation.of Article 3266b, and prays for a temporary injunction against the County, enjoining said County from "going forward with the above styled and numbered condemnation suit and with proceeding with construction upon the aforementioned real

---

1. "Art. 3266b. Relocation assistance program

"Section 1. When in the acquisition of real property for a program or project undertaken by any department, agency, or instrumentality of this State or of a political subdivision of this State it becomes necessary that any individual, family, property of a business concern, farm or ranch operation, or nonprofit organization be displaced, they may be paid their moving expenses and relocation payments, provided financial assistance to acquire replacement housing, or allowed rental supplements and compensation for expenses incidental to the transfer of property to the State, all of which payments or expenditures are hereby declared to be an expense and cost of such property acquisition. Each department, agency, or instrumentality of this State or of a political subdivision of this State shall formulate the rules and regulations necessary to carry out the provisions of this section and shall not authorize payments or expenditures in excess of those authorized by or under the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Program.

"Sec. 1A. A person who moves or discontinues his business, or moves other personal property, or moves from his dwelling on or after the effective date of this Act, as the direct result of displacement by code enforcement, rehabilitation, or demolition programs shall, for the purposes of this Act, be deemed to have been displaced as the result of the acquisition of real property.

"Sec. 2. Each department, agency, or instrumentality of this State or of a political subdivision of this State may provide a relocation advisory service for all individuals, families, business concerns, farm and ranch operations, and nonprofit organizations which shall be compatible with the Federal Uniform Relocation Assistance Advisory program.

"Sec. 3. The Comptroller of Public Accounts is hereby authorized to issue a State Warrant on the appropriate account of each State department or agency for all relocation costs and the costs of administering the relocation assistance program."

property, and with interfering with Defendant Landowner's use of the land until such time as the Plaintiff (County) complies with the provisions of the Relocation Assistance Program . . . ."

The trial court after a hearing denied the temporary injunction prayed for by Landowner, from which order Landowner appeals to this court. We affirm the trial court's judgment.

By his first two points of error, Landowner-Appellant asserts error of the trial court in denying the temporary injunction, "because the County has been ignoring its obligation under Article 3266b, V.A.T.C.S., to formulate rules and regulations to offer relocation assistance to Landowner, and to offer such relocation assistance to Landowner"; and moreover, since the County was not enjoined, Landowner will "never receive the relocation assistance that the Legislature intends for him to have." He further asserts error on the part of the trial court for finding that injunction is too harsh a remedy, and for the trial court's finding that Landowner had waived his rights to relocation assistance when he withdrew the award money.

We overrule Appellant's points of error, and are obliged to affirm the trial court's judgment for the following reasons:

The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. James v. E. Weinstein & Sons (Tex.Com.App.1929) 12 S.W.2d 959, opinion approved by the Supreme Court; Story v. Story (1944) 142 Tex. 212, 176 S.W.2d 925; Transport Co. of Texas v. Robertson Transports (1953) 152 Tex. 551, 261 S.W.2d 549.

■ If the effect of the granting of a temporary injunction does more than pre-

serve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits. The court is without authority to divest a party of property rights without a trial and any attempt to do so is void. See James v. E. Weinstein & Sons (Tex.Com.App.1929) 12 S.W.2d 959 at p. 961, opinion approved.

The "status quo" to be preserved by temporary injunction has been defined by our Supreme Court as "the last, actual, peaceable, noncontested status which preceded the pending controversy." Transport Co. of Texas v. Robertson Transports (1953) 152 Tex. 551, 261 S.W.2d 549.

■■ What is "the last, actual, peaceable, noncontested status which preceded the pending controversy" in the case at bar? It is the status wherein the County held the undisputed right to possession of the subject strip of property, which status existed for more than eleven months before Landowner filed his application for injunction. By depositing the award money in the registry of the court, the County became entitled to possession of the strip of property. Article 3268, V.A.T.C.S. By withdrawing the award money from the registry of the court, Landowner was thereafter precluded from contesting the County's right to take the property. State v. Jackson (Tex.Sup.Ct.1965) 388 S.W.2d 924. In this connection, in State v. Jackson our Supreme Court said:

"After an award has been made, and the money deposited in the registry of the Court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. In legal contemplation, he has consented to such taking and will not be permitted to retain his compensation and at the same time assert

that the condemning authority had no right to take his property under the eminent domain power."

In the light of the above decisions, it is clear that a temporary injunction as prayed for by Landowner would not preserve the status quo, but would instead alter the status quo. Landowner has sought to enjoin the County by temporary injunction from proceeding with the road construction on property to which the County had been entitled to possession without question for over eleven months. Such a temporary injunction would have the effect of divesting without a trial property rights from the County which without question belong to the County.

Moreover, as has been stated, the Landowner filed objections to the award of the special commissioners, and thereby appealed the cause to the county court for trial on the merits insofar as his claims for compensation and damages are concerned. By his application for temporary injunction, he has sought to have the court enjoin the prosecution of his own appeal. The writ of injunction will not be granted where there is a plain and adequate remedy at law. Story v. Story (1944) 142 Tex. 212, 176 S.W.2d 925. Landowner's right of appeal affords him an adequate remedy at law for anything that may occur in the condemnation proceedings up to and including the award of the special commissioners. Tonahill v. Gulf States Utilities Co. (Tex.Sup.Ct.1969) 446 S.W.2d 301. Landowner is entitled to litigate whatever rights he may have under Article 3266b, V.A.T.C.S., in a trial on the merits. Such rights, if any he has, cannot be properly litigated in a temporary injunction proceeding.

Judgment of the trial court is accordingly affirmed.

Affirmed.