John SPOONMORE, Appellant,

v.

**BOARD OF POLYGRAPH EXAMINERS**
of the State of Texas, Appellee.

No. 986.

Court of Civil Appeals of Texas,
Tyler.

Dec. 30, 1976.
Rehearing Denied Jan. 27, 1977.

Tom S. McCorkle, McCorkle & Westerburg, Dallas, for appellant.

John L. Hill, Atty. Gen. of Texas, Jack B. Boone, Asst. Atty. Gen., Austin, for appellee.

McKAY, Justice.

This is an injunction suit. John Spoonmore, appellant, sued the Board of Polygraph Examiners of the State of Texas (the Board) seeking to enjoin the Board from suspending his license to practice as a polygraph examiner and from enforcing criminal sanctions against him. Trial was before the court (without a jury) which denied a permanent injunction, from which judgment Spoonmore appealed.

On June 2, 1975, appellant, a licensed polygraph examiner received notice from the appellee Board that during April 1975 evidence was presented to the Board that appellant at some time during November 1973 had violated Regulation 3 of the Board Regulations promulgated by the Board and Article 4413(29cc) V.A.C.S., also called the Polygraph Examiners Act. Regulation 3 of the Board Regulations reads as follows:

"All polygraph charts, question sheets, reports, data sheets and other pertinent paper shall be maintained in a safe place for a period of at least two years from the date of the examination."

On July 11, 1975, a hearing was conducted by the Board with Spoonmore present. Evidence was presented that, in November 1973, Spoonmore had given a polygraph chart of a tested individual to the attorney of that individual. The conclusion reached by the Board was that such action by Spoonmore was a violation of Regulation 3 in not keeping the record in a "safe place", and they suspended Spoonmore's license for the period August 10, 1975, through August 18, 1975. Authority for suspension was based on Section 19(4) of the Polygraph Examiners Act, Article 4413(29cc), which provides:

"The board . . . may suspend or revoke a license on any one or more of the following grounds:

\* \* \* \* \* \*

"(4) wilful disregard or violation of this Act or of any regulation or rule issued pursuant thereto . . .."

Spoonmore filed suit on July 18, 1975, to enjoin the Board from suspending his license and from imposing criminal sanctions under Section 26 [1] of the Act, providing criminal penalties for violations of its provisions. He contended that he had no adequate remedy at law under the Act, and that he would suffer irreparable harm, damage and injury "unless the acts and conduct of Defendant above complained of are enjoined because his reputation as a polygraph examiner enjoys the highest regard and the suspension, the publication thereof, and being charged with criminal activity would so impugn that reputation that it could not be rehabilitated . . .." He alleged, among other things, the following points which are now the substance of this appeal: (1) Regulation 3 is vague and indefinite thereby being unenforceable as a denial of due process of law, (2) Section 19(4) is arbitrary and unreasonable thereby being in violation of Article 1, Section 19, of the Texas Constitution,[2] (3) Section 26 is vague and indefinite thereby being in violation of Article 1, Section 10,[3] of the Texas Constitution, and (4) Regulation 3 had been repealed prior to the Board's attempted enforcement thereof and that the application of it would be violative of due process of law.

The Board answered that there was "absolutely no necessity for any injunctive relief" in this case since under Section 23 of the Polygraph Examiner's Act the filing of Spoonmore's petition made "all administrative procedures and actions of no force and effect." Section 23 provides:

"Any person dissatisfied with the action of the board in refusing his applica-

1. "Any person who violates any provision of this Act or any person who falsely states or represents that he has been or is a polygraph examiner or trainee or that he is qualified to apply instrumentation to the detection of deception or verification of truth of statements shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than $100 nor more than $1,000 or by imprisonment in the county jail for a term of not to exceed six months, or both."

2. "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

3. "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor, except that when the witness resides out of the State and the offense charged is a violation of any of the anti-trust laws of this State, the defendant and the State shall have the right to produce and have the evidence admitted by deposition, under such rules and laws as the Legislature may hereafter provide; and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment, otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army or navy, or in the militia, when in actual service in time of war or public danger."

tion or suspending or revoking his license, or any other action of the board, may appeal the action of the board by filing a petition within 30 days thereafter in the district court in the county where the person resides or in the district court of Travis County, Texas. In all appeals prosecuted in any of the courts of this state pursuant to the provisions of this Act, such trials shall be de novo as that term is used and understood in appeals from justice of the peace courts to county courts. When such an appeal is filed and the court thereby acquires jurisdiction, all administrative or executive action taken prior thereto shall be null and void and of no force and effect, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. . . ."

The court, after granting a temporary injunction against the Board, dissolved said injunction and denied a permanent injunction. The court made findings of fact and conclusions of law upon the request of Spoonmore. It found as facts that plaintiff failed to prove he had no adequate remedy at law; that plaintiff would not suffer irreparable harm if the conduct of defendant was not enjoined; and that Regulation 3 had not been repealed on June 2, 1975, or at any other time since November 1973. In his conclusions of law the court found, among other things, against Spoonmore on all of the constitutional questions.

Appellant brings seven points of error complaining of the above actions by the trial court. Points one through three complain of the court's finding that Section 19(4), Section 26, and Regulation 3 were consistent with the United States and Texas Constitutions. Points four and five complain of the ruling that Regulation 3 had not been repealed prior to its application and as such the application was not a violation of due process. Point six complains

that the trial court erred in finding that he would not suffer irreparable harm if an injunction was not ordered. Point seven complains that the judgment of the trial court is "vague, uncertain, and indefinite" and that it does not "dispose of all the issues and matters in controversy . . .."

 In order to be entitled to injunctive relief one must allege and prove that he has no adequate remedy at law. *Western Hills Theaters, Inc. v. Motion Picture Machine Operators Local Union No. 330,* 495 S.W.2d 39, 41 (Tex.Civ.App., Fort Worth, 1973, no writ); *Wilson v. Whitaker,* 353 S.W.2d 945, 947 (Tex.Civ.App., Houston 1962, no writ); *Texas Unemployment Compensation Commission v. Campbell, Wise & Wright,* 119 S.W.2d 388 (Tex.Civ.App., San Antonio 1938, writ dism'd); 31 Tex.Jur.2d, Injunctions, sec. 43 p. 106; 6 Texas Practice, 2nd Ed. (Lowe), Remedies, sec. 113, 114. It has been held specifically that an injunction is properly denied where adequate relief is afforded at law by trial de novo on appeal. *Texas & P. Ry. Co. v. Southern Produce Co.,* 168 S.W. 999 (Tex. Civ.App., Texarkana 1914, no writ).

 We are of the opinion that Spoonmore had an adequate remedy at law; and, on that basis, injunctive relief was properly denied. Under Section 23 of the Polygraph Examiners Act, the mere filing of Spoonmore's petition suspended the administrative action taken by the Board, maintained his status quo and gave him all the relief which he is otherwise seeking by injunction. Since he had this remedy at law he was not entitled to an injunction, and the trial court properly denied the injunction.

The proper action for Spoonmore to have followed was to file a petition for trial de novo in the district court, as provided by Section 23. The suit here was brought and tried on the theory of injunction, not prescribed or necessary under Section 23. Appellant's counsel admitted in oral argument before this court that a declaratory judgment action, and not a suit for injunction, was proper; however, he asked that this court consider the case on its merits as if a

declaratory judgment action had originally been brought. A case will not be reviewed on appeal on a theory different from that on which it was tried below. *American Mut. Liability Ins. Co. v. Parker*, 144 Tex. 453, 191 S.W.2d 844, 848 (1946); *Lanphier Construction Co. v. Fowco Construction Co.*, 523 S.W.2d 29, 43 (Tex.Civ.App., Corpus Christi 1975, writ ref'd n. r. e.). We hold that the trial court did not err in refusing to grant a permanent injunction in favor of Spoonmore against the Board.

■ Point seven complains that the judgment was "vague, uncertain and indefinite" and did not dispose of all matters in controversy. We do not agree. All Spoonmore prayed for was a temporary injunction to be made permanent on final hearing. The court, in the judgment, said it was "of the opinion that Plaintiff should be denied injunctive relief." We are of the opinion that this disposed of all the matters in controversy.

Since we have held that the injunction was properly denied because an adequate remedy at law existed, we do not pass on points one through five. Additionally, we do not pass on the validity of the criminal provisions since no action was either prosecuted or threatened.

The judgment of the trial court is affirmed.