Ross Milford OLSON, Appellant,

v.

TEXAS EMPLOYMENT COMMISSION, Appellee.

No. 1564.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 31, 1980.

Rehearing Denied Feb. 14, 1980.

Ross Milford Olson, pro se.

Diane C. VanHelden, Asst. Atty. Gen., Austin, for appellee.

OPINION

NYE, Chief Justice.

This is an appeal from the trial Court's judgment dismissing plaintiff Ross Milford Olson's suit for lack of jurisdiction. Plaintiff Olson, appearing pro se, appeals.

This suit sought judicial review of a decision of the Texas Employment Commission disqualifying the plaintiff from receiving five weeks of unemployment benefits.[1] The trial Court granted appellees' motion to dismiss on the grounds that plaintiff Olson failed to join his former employer as a defendant and as to other claims, Plaintiff failed to plead or prove consent of the State of Texas to be sued. Olson's 20 points of error are all unrelated to the only issue before the trial Court and this court.

The Appellee mailed notice to the plaintiff of its decision which became final ten days later. The plaintiff filed suit 8 days thereafter seeking judicial review of the appellee's decision and damages based on other claims against the appellee. The plaintiff did not join his former employer, Uselton Electric, Inc., as a party defendant.

■ Article 5221b–4(i) Tex.Rev.Civ. Stat., sets forth the correct procedure for a judicial review of a decision of the Commission. The statute provides that an aggrieved party may obtain such review by commencing an action against the Commission within 10 days of its decision " . . . in which action *any other party to the proceeding before the Commission shall be made a defendant . . . "* (emphasis supplied). The record shows that plaintiff's

former employer, Uselton Electric, Inc., was a party to the proceedings before the Commission but was not made a defendant in this present suit. The statute [art. 5221b–4(i)] states that the former employer, who was a party before the Commission, shall be made a defendant. Without the strict compliance with the jurisdictional requirements of the statute, the trial court would lack jurisdiction to hear the case. See *Texas Employment Commission v. International Union of Electrical, Radio & Machine Workers*, 163 Tex. 135, 352 S.W.2d 252 (1961); *Texas Employment Commission v. Daniel*, 241 S.W.2d 969 (Tex.Civ.App.—Texarkana 1951, no writ).

Our appellate courts have even held that if the employer who was a party to the proceedings before the Commission was not made a defendant within the statutory time limit, the petition may not be amended thereafter to cure the jurisdictional defect. *Lambeth v. Texas Unemployment Compensation Commission*, 362 S.W.2d 205 (Tex.Civ.App.—Waco 1962, writ ref'd); *Texas International Airlines v. Texas Alcoholic Beverage Commission*, 566 S.W.2d 693 (Tex.Civ.App.—Austin 1978, no writ).

Plaintiff asserted jurisdiction against the Texas Employment Commission pursuant to article 5221b. He also sought actual and punitive damages from the commission for himself and others primarily based on the denial of his claim for unemployment benefits. There is no other jurisdiction asserted for the other claims or parties in his petition, nor has he sought or received permission of the State of Texas to be sued. It is a rule of universal recognition that the state may not be sued without its consent. *State v. Isbell*, 127 Tex. 399, 94 S.W.2d 423 (1936); *State v. Noser*, 422 S.W.2d 594 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.).

It is unfortunate for a party who appears in court without the aid and benefit of an attorney to have his lawsuit dismissed on a

1. The claimant filed his claim for benefits under the Texas Unemployment Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 5221b (1971). The appeal tribunal found that the claimant voluntarily left his employment to go north for personal reasons. The Commission concluded that the claimant's resignation was without good cause connected with his work, thereby disqualifying him of the five weeks of benefits claimed under the act.

procedural rule without a full blown hearing as unmeritorious as it might be. But there cannot be two sets of rules, one for litigants with counsel, and the other for litigants representing themselves. Our Supreme Court has said that litigants who represent themselves must comply with applicable procedural rules, otherwise they would be given unfair advantage over those parties represented by attorneys. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex.Sup.1978); *Garrison v. Gulf Bowl, Inc.*, 582 S.W.2d 603 (Tex.Civ.App.—Corpus Christi 1979, no writ). We have considered all of Appellant's points of error and they are overruled. The judgment of the trial Court is affirmed.