Charles Kenneth CAMPBELL, Appellant,

v.

TEXAS EMPLOYMENT COMMISSION,
Appellee.

No. 13136.

Court of Civil Appeals of Texas,
Austin.

April 9, 1980.

Earle Cobb, Jr., Cobb, Thurmond, Bain & Clark, Inc., San Antonio, for appellant.

Mark White, Atty. Gen., Marilynn D. Poole, Asst. Atty. Gen., Austin, for appellee.

SMITH, Justice.

Appellant, Charles Kenneth Campbell, as trustee for Village Green Apartments, brought this suit against the Texas Employment Commission. Village Green Apartments is an employer within the meaning of the Texas Unemployment Compensation Act, and was the employer of a claimant under the Act. The employee-claimant was an apartment manager who was compensated by Village Green Apartments in part by a cash salary and in part by being furnished an apartment in which to live.

Upon the employee's termination, Village Green was assessed an additional tax of $118.22 to reflect the value of the apartment which had not been previously included in the claimant's total wage computations.

The ruling of the Commission became final on March 5, 1978. On July 7, 1978, appellant brought this suit as an original proceeding asking for a declaratory judgment as to the validity of appellee's treatment of claimant's living quarters as wages under the Texas Unemployment Compensation Act, and by a supplemental petition asking that the Attorney General be enjoined from collecting the assessment.

The Attorney General answered and by special exception raised the jurisdictional issue of appellee's sovereign immunity. In addition, the Attorney General filed a motion to dismiss for want of jurisdiction based upon the failure of appellant to pursue his statutory relief provided in such cases. The court below dismissed appellant's suit for lack of jurisdiction and appellant has perfected this appeal from such order of dismissal.

We hold that appellee's plea to the jurisdiction is well taken and affirm the judgment of the trial court.

Appellant's original petition named only the Texas Employment Commission as party defendant. After the Attorney General filed an answer and pleas to the jurisdiction, appellant filed a supplemental petition, and in addition to seeking a declaratory judgment, alleged that appellant was entitled to an injunction against the Attorney General of Texas, enjoining the collection of the additional amount assessed.

From the record before this Court, it does not appear the Attorney General was ever made a party. Thus, the trial court had no jurisdiction to grant any injunctive relief.

The rules governing the Texas Employment Commission are contained in Tex.Rev. Civ.Stat.Ann. art. 5221b, et seq. (Supp. 1980). The pertinent sections to this appeal are Articles 5221b–4(i), 5221b–12(b), and 5221b–12(j)(2).

Article 5221b–4(i) provides for judicial review by any aggrieved party commencing an action within ten days after a Commission decision becomes final in any court of competent jurisdiction in the county of claimant's residence. It also requires in such cases that any other party to the proceeding before the Commission shall be made a party defendant.

Article 5221b–12(b) authorizes the Texas Employment Commission to sue any defaulting employer in a district court of Travis County, Texas, and in such a suit the employer can assert any available defense. This is not the case in this suit.

Article 5221b–12(j)(2) provides that an employer may make the payment, seek refund, and if denied, file suit within one year in Travis County to recover the taxes previously paid. This provision is not applicable because the appellant has not paid the additional amount assessed and thus is not entitled to a refund.

The only section that would have authorized appellant to sue the State under the facts of this case is Article 5221b–4(i) which states:

"Court Review: Within ten (10) days after the decision of the Commission has become final, and not before, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision,

in which action any other party to the proceeding before the Commission shall be made a defendant . . ."

Appellee asserts that appellant did not comply with Article 5221b–4(i), in that the suit was not filed within ten days after the Commission's decision became final. The suit was not filed in the county of claimant's residence and did not join the claimant as a party.

The Texarkana Court of Civil Appeals has held in a suit similar to the case at bar that the ten-day limitation for commencing an action in a court of competent jurisdiction after the decision of the Texas Employment Commission has become final is jurisdictional. *Texas Employment Commission v. Riddick*, 485 S.W.2d 849 (Tex.Civ.App.— Texarkana 1972, no writ). The court held that the suit should be dismissed and that the decision of the Commission was final.

The the-day limitation was held to be jurisdictional in *Lambeth v. Texas Unemployment Compensation Commission*, 362 S.W.2d 205 (Tex.Civ.App.—Waco 1962, writ ref'd). In *Texas Employment Commission v. International Union of Electric Workers*, 163 Tex. 135, 352 S.W.2d 252 (1961), the Court held that the requirement in Art. 5221b–4(i) that suit be brought in the county of claimant's residence is also jurisdictional. As to the applicability of the statutory remedies, the Court stated:

"These provisions are exclusive and come under the accepted rule that statutory proceedings are strictly governed by the statute of their creation."

The only case cited by appellant in his brief has very little precedential value. In *Gulf Coast Business Forms v. Texas Employment Commission*, 493 S.W.2d 260 (Tex. Civ.App.—Beaumont), *writ ref'd n.r.e. per curiam*, 498 S.W.2d 154 (Tex.1973), the employer brought suit against the Texas Employment Commission in Jefferson County seeking a declaratory judgment that it was not liable for taxes. The Texas Employment Commission filed a plea of privilege to be sued in Travis County. The court of civil appeals held that venue was proper in Travis County. However, in a dissenting opinion, Judge Dies stated:

"I recognize plaintiff's precarious position in failing to allege it had permission to sue the State, but this has not been raised by the State (although the Assistant Attorney General in oral argument indicated this would later be urged)."

Thus, the holding of the case is merely that Travis County is proper venue for a suit against the State, and not that the suit seeking a declaratory judgment was proper under the statutes. Unless we were to interpret the Supreme Court's writ refusal as an implied approval of the declaratory judgment action, we do not feel that this case changes the law previously established. The jurisdiction issue was not before the Court on appeal, and we feel that their holding was merely a statement that Travis County is proper venue for a suit seeking a declaratory judgment against the State, if such suit may be properly maintained.

We therefore hold that the statutory provisions of Article 5221b, *et seq.* (Supp.1980), afford the exclusive remedies available to the appellant in this case. Since appellant has not brought himself within these statutory provisions, the trial court was without jurisdiction to render a declaratory judgment as to appellant's liability under the Texas Unemployment Compensation Act.

The judgment of dismissal is affirmed.