**LEVELLAND INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Emilio M. CONTRERAS, Appellee.**

**No. 07–92–0315–CV.**

Court of Appeals of Texas, Amarillo.

March 18, 1993.

Hook & Husen, Attys. (Richard L. Husen), Levelland, for appellant.

Donald E. Cummings, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

**ON MOTION TO DISMISS**

POFF, Justice.

Appellee Emilio M. Contreras has filed a motion to dismiss this appeal. We will deny the motion.

Appellee filed suit to reverse an order of the Texas Employment Commission (TEC) denying him unemployment benefits. Suit was filed against both Levelland Independent School District and TEC. The trial

court reversed the order of the TEC and ordered that benefits be paid to appellee. Levelland Independent School District, appellant, has appealed the judgment of the trial court to this court. TEC has chosen not to appeal.

■ In his motion to dismiss this appeal, appellee contends that appellant is prohibited from appealing the trial court's judgment without TEC also joining in the appeal. Appellee relies solely on Tex.Rev. Civ.Stat.Ann. art. 5221b–4(i) (Vernon Supp. 1993) as authority for his contention. In pertinent part, article 5221b–4(i) reads:

> (i) Court Review: Within fourteen (14) days after the decision of the [Texas Employment] Commission has become final, and not before, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, in which action *any other party to the proceeding before the Commission shall be made a defendant.*

*Id.* (emphasis added). This statute has been interpreted as requiring that all prevailing parties before the Texas Employment Commission be made defendants in any action seeking judicial review of the Commission's determination. *Brown v. Texas Employment Comm'n,* 801 S.W.2d 5, 8 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Olson v. Texas Employment Comm'n,* 593 S.W.2d 866, 867 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.); *Lambeth v. Texas Unemployment Compensation Comm'n,* 362 S.W.2d 205, 206–07 (Tex.Civ.App.—Waco 1962, writ ref'd). If all prevailing parties are not made defendants to an appeal from the Commission's determination, the trial court has no jurisdiction to hear the appeal. *Brown v. Texas Employment Comm'n,* 801 S.W.2d at 8.

■ However, article 5221b–4(i) does not mandate that all losing parties before the Texas Employment Commission join together in appealing from a determination of the Commission. In *Mercer v. Ross,* 701 S.W.2d 830 (Tex.1986), an employer filed suit challenging the Commission's determination that an employee was entitled to unemployment benefits. TEC was not a party to the suit. While the question of whether the employer could file suit without being joined by the TEC was not at issue, neither the trial court, the Tyler Court of Appeals nor the Texas Supreme Court declined to exercise jurisdiction over the case.

■ As appellant correctly notes, the interests of an employer and the TEC are not always aligned. *See Campbell v. Texas Employment Comm'n,* 598 S.W.2d 40 (Tex.Civ.App.—Austin 1980, no writ). Appellant has an interest separate and apart from the TEC in this case and it would be manifestly unjust to prohibit appellant from appealing to this Court merely because the TEC did not also wish to prosecute an appeal. Appellee's motion to dismiss this appeal is denied.